## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

JOAN TRUMAN SMITH

V.

BRYCO ARMS, Inc., et al.

CIVIL ACTION NO:
CV 02 3029 (JBW)

Honorable Jack B. Weinstein

### DEFENDANT, B.L. JENNINGS, INC.'S ANSWER TO COMPLAINT AS TO THE SECOND CAUSE OF ACTION – PUBLIC NUISANCE

Defendant, B.L. Jennings, Inc. ("BLJ"), by and through its undersigned attorneys, hereby files the following Answer to the Complaint as to the Second Cause of Action – Public Nuisance.

### PRELIMINARY STATEMENT

With the exception of select allegations in the Complaint, the allegations of the Complaint refer to "Defendants" without specificity.  BLJ is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  BLJ answers the Complaint for itself only.

### NATURE OF THE ACTION

1. Answering paragraph one (1) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations surrounding the shooting which are set forth in the first three sentences.  BLJ denies all of the remaining allegations set forth in paragraph 1.

2. Answering paragraph two (2) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the chain of custody of the handgun from manufacture to the shooting.  Defendant denies that Angela Freeman was a straw purchaser.

3. Answering paragraph three (3) of the Complaint, the Defendant categorically denies all of the allegations contained therein.

4. Answering paragraph four (4) of the Complaint, the Defendant admits that BLJ is a wholesaler-distributor located in Carson City, Nevada but denies the remaining allegations set forth in paragraph 4.

5. Answering paragraph five (5) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6. Answering paragraph six (6) of the Complaint, the Defendant categorically denies all of the allegations contained therein.

## JURISDICTION AND VENUE

7. Answering paragraph seven (7) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8. Answering paragraph eight (8) of the Complaint, the Defendant denies the allegations contained therein.

## THE PARTIES
### Plaintiff

9. Answering paragraph nine (9) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

### The Defendants

10. Answering paragraph ten (10) of the Complaint, the Defendant admits that Bryco Arms has its principal place of business in California. BLJ denies all of the remaining allegations set forth in paragraph 10.

11. Answering paragraph eleven (11) of the Complaint, the Defendant denies all of the allegations contained therein.

12. Answering paragraph twelve (12) of the Complaint, the Defendant denies all of the allegations contained therein.

13. Answering paragraph thirteen (13) of the Complaint, the Defendant denies all of the allegations contained therein.

14. Answering paragraph fourteen (14) of the Complaint, the Defendant admits that BLJ is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Nevada. BLJ denies all of the remaining allegations set forth in paragraph 14.

15. Answering paragraph fifteen (15) of the Complaint, the Defendant denies the allegations contained therein.

16. Answering paragraph sixteen (16) of the Complaint, the Defendant admits that Janice Jennings is the ex-wife of Bruce Jennings and that she is the President of Bryco Arms. BLJ denies all of the remaining allegations set forth in paragraph 16.

17. Answering paragraph seventeen (17) of the Complaint, the Defendant admits that Rhonda Jennings is the child of Bruce Jennings. BLJ denies all of the remaining allegations set forth in paragraph 17.

18. Answering paragraph eighteen (18) of the Complaint, the Defendant admits that Kimberly Jennings is the child of Bruce Jennings. BLJ denies all of the remaining allegations set forth in paragraph 18.

19. Answering paragraph nineteen (19) of the Complaint, the Defendant admits that Bradley Jennings is the child of Bruce Jennings. BLJ denies all of the remaining allegations set forth in paragraph 19.

20. Answering paragraph twenty (20) of the Complaint, the Defendant denies the allegations contained therein.

21. Answering paragraph twenty-one (21) of the Complaint, the Defendant admits that RKB Investments was a partnership created under the laws of the State of California. BLJ denies all of the remaining allegations set forth in paragraph 21.

22. Answering paragraph twenty-two (22) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

23. Answering paragraph twenty-three (23) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

24. Answering paragraph twenty-four (24) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

25. Answering paragraph twenty-five (25) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

26. Answering paragraph twenty-six (26) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

27. Answering paragraph twenty-seven (27) of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

28. Answering paragraph twenty-eight (28) of the Complaint, the Defendant denies the allegations contained therein.

29. Answering paragraph twenty-nine (29) of the Complaint, the Defendant denies the allegations contained therein.

### FIRST CAUSE OF ACTION – NEGLIGENCE

30-82. Defendant, B.L. Jennings, Inc. respectfully refers the Court to its Motion to Dismiss the Negligence Claim for Failure to State a Claim Upon Which Relief Can Be Granted.

### SECOND CAUSE OF ACTION – PUBLIC NUISANCE

83. Answering paragraph eighty-three (83) of the Complaint, the Defendant incorporates its responses to the individual numbered paragraphs.

84. Answering paragraph eighty-four (84) of the Complaint, the Defendant denies the allegations contained therein.

85. Answering paragraph eighty-five (85) of the Complaint, the Defendant denies the allegations contained therein.

86. Answering paragraph eighty-six (86) of the Complaint, the Defendant denies the allegations contained therein.

87. Answering paragraph eighty-seven (87) of the Complaint, the Defendant denies the allegations contained therein.

88. Answering paragraph eighty-eight (88) of the Complaint, the Defendant denies the allegations contained therein.

89. Answering paragraph eighty-nine (89) of the Complaint, the Defendant denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

Defendant, BLJ generally denies all liability to the Plaintiff as alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Plaintiff has sustained any injuries or damages, it is as a result of the intervening acts or omissions of others and not as a result of any acts or omissions on the part of BLJ.

### THIRD AFFIRMATIVE DEFENSE

To the extent it seeks to impose liability for the manufacture and lawful sale of a legal, non-defective product, the Complaint violates the Commerce Clause of the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and applicable provisions of the New York Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint seek to regulate conduct beyond the boundaries of the City of New York.  The Plaintiff lacks the authority to bring such claims, and such claims violate core principles of federalism and preemption, the Commerce and Import/Export Clauses of the United States Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are preempted or violate separation of powers principles under the United States Constitution and the New York Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint fail because BLJ has distributed and sold lawful, non-defective products in compliance with all applicable federal, state, and local laws.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that it seeks exemplary or punitive damages, the Complaint violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and applicable provisions of the New York Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to join all necessary and/or indispensable parties to this action.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint result from the misuse or use contrary to the intended use of products distributed by BLJ.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by her voluntary assumption of known risks.

### ELEVENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages sustained by the Plaintiff were caused, in whole or in part, by her own fault, and any recovery by the Plaintiff is barred or, alternatively, should be diminished according to her fault.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for costs allegedly incurred as a result of gun violence are barred by the economic loss doctrine.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of the relief claimed by the Plaintiff is barred by set-off or her failure to mitigate damages.

**WHEREFORE,** Defendant, B.L. Jennings, Inc. demands the dismissal of the Plaintiff's Complaint and judgment in its favor with its costs and reasonable attorneys' fees paid by Plaintiff.

Dated:  New York, New York
        July_____, 2002

                                         _____
                                         Robert E. Scott, Jr. (RES9592)
                                         Brittany L. Roberts (BLR4744)
                                         Semmes, Bowen & Semmes
                                         250 W. Pratt Street
                                         Baltimore, MD 21201
                                         (410) 539-5040

                                         and

                                         Brian Heermance (BPH6805)
                                         Morrison, Mahoney & Miller, LLP
                                         100 Maiden Lane - 22nd Floor
                                         New York, NY 10038

                                         Attorneys for Defendant, B.L. Jennings, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of July, 2002, a copy of the foregoing Defendant, B.L. Jennings, Inc.'s Answer to the Complaint as to the Second Cause of Action – Public Nuisance was faxed and mailed, first-class, postage prepaid, to: Elisa Barnes, 111 Broadway, 4th Floor, New York City, New York 10006, Attorney for Plaintiff.

                                                                             _____
                                                                          Robert E. Scott, Jr. (RES9592)

B0275868.WPD