UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JOAN TRUMAN SMITH

V.

BRYCO ARMS, Inc., et al.

CIVIL ACTION NO:
CV 02 3029 (JBW)

Honorable Jack B. Weinstein

**DEFENDANT, BRYCO ARMS, INC.'S JOINDER TO B.L.
JENNINGS, INC.'S NOTICE OF MOTION AND MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
"THE FIRST CAUSE OF ACTION – NEGLIGENCE" FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, Bryco Arms, Inc. ("Bryco"), by and through its undersigned attorneys, hereby joins Defendant, B.L. Jennings, Inc.'s Notice of Motion and Memorandum of Law In Support of Its Motion to Dismiss "The First Cause of Action – Negligence" for Failure to State a Claim Upon Which Relief Can Be Granted which was filed on July 15, 2002.

As set forth in B.L. Jennings' Memorandum of Law In Support, *Hamilton v. Beretta*, 96 N.Y.2d 222, 750 N.E.2d 1055, 1059, 727 N.Y.S.2d 7, 11 (2001), held that the defendants [handgun manufacturers] did not owe the plaintiffs a duty to exercise reasonable care in the marketing and distribution of handguns, therefore, there was no viable claim in negligence under New York law.[1]  As a manufacturer defendant, Bryco was too remote from the situation to have reasonable control over who ended up with the handgun after the lengthy succession of sales and thievery which took place.  *See* Plaintiff's Complaint, ¶ 2.  Bryco was not the party best situated to protect the Plaintiffs against the risk of harm and can not be obliged to owe a duty which would include controlling the criminal acts of third parties four or five links down the chain of custody from manufacture to criminal possession.  *Hamilton*, 96 N.Y.2d at 233-35.

---

[1] The Second Circuit affirmed this decision at *Hamilton v. Beretta*, 264 F.3d 21 (2nd Cir. 2001).

For all of the reasons stated more fully in B.L. Jennings, Inc.'s Memorandum of Law In Support, Bryco respectfully requests that this Court dismiss the negligence claim.

Dated: New York, New York
July18, 2002

> */s/ Robert E. Scott, Jr.*
> Robert E. Scott, Jr. (RES 9592)
> Brittany L. Roberts (BLR 4744)
> Semmes, Bowen & Semmes
> 250 W. Pratt Street
> Baltimore, MD 21201
> (410) 539-5040
>
> and
>
> Brian Heermance (BPH 6805)
> Morrison, Mahoney & Miller, LLP
> 100 Maiden Lane - 22nd Floor
> New York, NY 10038
>
> Attorneys for Defendant Bryco Arms, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July, 2002, a copy of the foregoing Defendant, Bryco Arms, Inc.'s Joinder to B.L. Jennings, Inc.'s Notice of Motion and Memorandum of Law in Support of Its Motion to Dismiss "The First Cause of Action – Negligence" for Failure to State a Claim Upon Which Relief Can Be Granted was served electronically on Elisa Barnes, 111 Broadway, 4th Floor, New York City, New York 10006, Attorney for Plaintiff.

> */s/ Robert E. Scott, Jr.*
> Robert E. Scott, Jr.

B0276841.WPD

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOAN TRUMAN SMITH** | **CIVIL ACTION NO:** |
| | **CV 02 3029 (JBW)** |
| **V.** | |
| | **Honorable Jack B. Weinstein** |
| **BRYCO ARMS, Inc., et al.** | |

### ORDER

Upon consideration of Defendant, Bryco Arms, Inc.'s Joinder to B.L. Jennings, Inc.'s Notice of Motion and Memorandum in Support of Its Motion to Dismiss "The First Cause of Action – Negligence" for Failure to State a Claim Upon Which Relief Can Be Granted and any Oppositions filed thereto, it is this _____ day of _____, 2002, hereby,

**ORDERED**, that the claim for negligence against Defendant, Bryco Arms, Inc. be **DISMISSED**.

_____
JUDGE JACK B. WEINSTEIN