UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN TRUMAN SMITH | CIVIL ACTION NO: CV 02 3029 (JBW) |
| V. | |
| BRYCO ARMS, Inc., et al. | Honorable Jack B. Weinstein |

### DEFENDANT'S, RKB INVESTMENTS, NOTICE OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS

PLEASE TAKE NOTICE that, upon the annexed Memorandum of Law in Support of Its' Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction, and Affidavits of Tony Acosta and Janice Jennings, together with the attached exhibits, and all prior pleadings and proceedings had herein, Defendant, RKB Investments, will move this Court, oral argument requested, before the Honorable Jack B. Weinstein, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, 11201, on a date specified by the Court, for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure dismissing Plaintiffs' claims as against Defendant, RKB Investments, for insufficiency of service of process and lack of personal jurisdiction.

Dated: New York, New York
       July 18, 2002

Respectfully submitted,

*/s/ Robert E. Scott, Jr.*
Robert E. Scott, Jr. (RES 9592)
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD 21201
(410) 539-5040

and

Brian Heermance (BPH 6805)
Morrison, Mahoney & Miller, LLP
100 Maiden Lane - 22nd Floor
New York, NY 10038

Attorneys for Defendant RKB Investments

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOAN TRUMAN SMITH | CIVIL ACTION NO: |
| V. | CV 02 3029 (JBW) |
| BRYCO ARMS, Inc., et al. | Honorable Jack B. Weinstein |

**DEFENDANT, RKB INVESTMENTS, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

Defendant, RKB Investments, ("RKB"), by and through its undersigned attorneys, hereby submits its Memorandum of Law in Support of Its Motion to Dismiss, pursuant to the Federal Rules of Civil Procedure 12(b)(2) and (5), on the grounds of insufficiency of service of process and lack of personal jurisdiction, and in support states:

**I. Statement Of Facts**

This suit was recently filed by Plaintiffs alleging negligence and public nuisance against various defendants, including Bruce Jennings, all the members of the Jennings family, Bryco Arms, Inc., B. L. Jennings, Inc. ("BLJ") and RKB, among others, related to a shooting that occurred on May 25, 2000. *See* Complaint, ¶¶1, 10-24.

On June 28, 2002, a private process server attempted to serve the summonses and complaints for Bryco and RKB at the office of Bryco located in Costa Mesa, California by personally serving Tony Acosta, the office manager of Bryco. *See Affidavit of Tony Acosta*, attached hereto as Exhibit 1, ¶1-2. Mr. Acosta specifically informed the private process server that he was not authorized to accept the summons for RKB. Despite this remark, the process server left the suit papers anyway. *Id.*, ¶¶2-3. RKB is a general partnership set up under the laws of California on August 25, 1987, naming as partners three trusts in the names of the children of Bruce and Janice Jennings, the Rhonda Jennings California Trust, the Kimberley K. Jennings California Trust and the Bradley A.

Jennings California Trust, and as co-trustees, Bruce Jennings and Janice Jennings. *See Affidavit of Janice Jennings,* attached hereto as Ex. 2, ¶3, ex. 1. The trusts comprising the general partnership of RKB, the Rhonda Jennings California Trust, the Kimberley K. Jennings California Trust and the Bradley A. Jennings California Trust, were set up to expire when the beneficiary of the trust reaches the age of twenty-five. Under this arrangement, the Rhonda Jennings California Trust expired about ten years ago. The two remaining trusts, the Kimberley K. Jennings California Trust and the Bradley A. Jennings California Trust, are the current partners in RKB and the principal asset of each trust is the partnership in RKB. *Id.*

RKB was established for the purpose of buying, selling, leasing and dealing in real estate. *Id.*, ¶4. RKB owns property in the State of California only. It has never owned, directly or indirectly, any interest in Bryco or any other corporate entity or interest. Its only connection with Bryco is that it owns the land upon which Bryco has its corporate offices and manufacturing operation. *Id.*

Regarding contacts with the state of New York by RKB to satisfy personal jurisdiction by this Court, RKB is a corporation established in California, with its sole business operation and purpose in California with no contacts whatsoever with the State of New York or any other state. RKB has never transacted or conducted business, or owned property, in Nevada, New York or any other state, other than California.. *Id.*, ¶4. At no time has RKB ever been involved in any aspects of the firearm business. *Id.* Therefore, it is not possible for RKB to have established any contacts with New York to be subject to personal jurisdiction.

As RKB has no contacts with New York in any manner, there is no basis for personal jurisdiction by this Court over this defendant.

**II**.     **Insufficiency of Service of Process**

Fed. R. Civ. P. 4(h)(2) permits service upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Plaintiffs attempted to serve RKB in this case by serving the Summons and Complaint for RKB on Tony Acosta, office manager of Bryco. Tony Acosta has never been employed by RKB as an officer, director, manager, or employee and he has never been authorized to receive service of process for RKB. Ex. 1, ¶¶3-4; Ex. 2, ¶2. His lack of authority to accept service for RKB was explained to the process server. Ex. 1, ¶1; Ex. 2, ¶2.

In serving a corporation, the general rule "is that the person upon which a summons and a complaint are served must have some measure of discretion in operating some phase of the defendant's business or in the management of a given office." *Baade v. Price*, 175 F.R.D. 403, 405 (D.C. 1997). It is without dispute that Tony Acosta had no involvement in any capacity with RKB or authority to act on its behalf in accepting service or otherwise. Ex. 1, ¶¶3-4; Ex. 2, ¶2.

Strict compliance with Federal Rule of Civil Procedure 4 is required. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F.Supp 1100, 1103 (Nev. 1996). Once service is challenged, the plaintiff bears the burden of proving that service was properly effected under Fed. R. Civ. P. 4. *Berk v. The City of New York*, 2001 U.S. Dist. Lexis 13738, 9 (S.D.N.Y. 2001). If service of process is not shown to be effected in accordance with Fed. R. Civ. P. 4, dismissal may be proper under Fed. R. Civ. P. 12(b)(5). Moreover, the formal requirements of Rule 4 must be meet regardless of whether or not the defendant has actual notice of the lawsuit. *Baade,* 175 F.R.D. at 405, *citing Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir, 1996). Because Tony Acosta did not have authority to accept service of the summons and complaint on behalf of RKB, service is improper.

### III. Lack Of Personal Jurisdiction

#### A. The Burden Of Proving That This Court Has Personal Jurisdiction Over RKB Lies With The Plaintiffs

This action has been filed by the Plaintiffs based upon proper venue and jurisdiction pursuant to 28 U.S.C. §1391, for business contacts with the state of New York, and 28 U.S.C. §1332, for diversity of citizenship. *See Complaint*, ¶¶7,8. "The amenability of a foreign corporation to suit in federal court in a diversity action is determined in accordance with the law of the state where the court sits", and accordingly, the application of New York state law to the instant case is appropriate. *Ball v. Metallurgie Hoboker-Overpelt, S.A.*, 902 F.2d 194, 198 (1990), *citing Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d. Cir. 1963)(*in banc*); *Hamilton v. Accu-tek*, 32 F. Supp. 2d. 47, 54-55 (1998)("*Hamilton I*"). It is the plaintiffs' burden to establish jurisdiction by a preponderance of the evidence. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55 (2d. Cir. 1985). The nature of the plaintiff's obligation varies depending on the procedural posture of the litigation. . . "only a *prima facie* showing is necessary to defeat a jurisdiction testing motion before discovery". *Ball*, 902 F.2d at 196.

In determining whether personal jurisdiction exists in this diversity action, the court will inquire whether RKB is subject to service of process under the New York long-arm statute, specifically C.P.L.R.§302(a), and whether the jurisdiction is in accordance with the constitutional requirements of federal due process. *Hamilton I* at 55; *Savin v. Ranier,* 898 F.2d 304, 306 (2d Cir. 1990); *See Ball*, 902 F.2d at 198.

#### B. There Is No Basis For Personal Jurisdiction By This Court Under The New York Long-Arm Statute

To assert jurisdiction in this action under C.P.L.R. §302(a)(3) of the New York long-arm statute, the Plaintiffs must prove that RKB:

> committed a tortious act outside New York which caused injury to person or property inside New York and the defendant (i) regularly conducts or solicit business in New York or derives substantial revenue from goods used or services and goods sold in New York, or (ii) the defendant reasonably expects the act to have consequences in New York and to derive substantial revenue from interstate commerce.

*Cortland Racquet Club, Inc. v. Oy Saunatec, Ltd.*, 978 F. Supp. 520, 523 (1997). *See Hamilton I* at 55; *Schaadt v. T.W. Kutter, Inc.*, 169 A.D.2d 969, 969, 564 N.Y.S.2d 865, 866 (1991). Under C.P.L.R. §302(a)(ii), known as the "foreseeability requirement", "there must be an affirmative or purposeful act invoking the benefits or protection of New York law." *Hamilton I* at 56; *Schaadt*, 169 A.D. at 970, 564 N.Y.S.2d at 866; *Cortland*, 978 F. Supp. at 523. "In other words, mere foreseeability of in-state consequence and failure to avert that consequence is not sufficient to establish personal jurisdiction under New York's long-arm statute." *Cortland*, 978 F. Supp. at 523; *See Schaadt*, 169 A.D.2d at 969; *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 62 L.Ed. 2d 490, 100 S. Ct. 559 (1980). "The test of whether a defendant expects or should reasonably expect his act to have consequence within the State is an objective, rather than subjective one". *Cortland*, 978 F. Supp. at 523.

The facts in this matter do not support that RKB has committed an act or engaged in conduct to be subject to jurisdiction under C.P.L.R. §302(a)(i) or (ii). RKB is a corporation with business solely in California. RKB does not transact or conduct business in any other state and is not involved in the firearms business in any aspects. Ex.2, ¶4. Therefore, RKB has not involvement in the firearm used in the shooting at issue in this case.

7

Plaintiffs have made no allegations that this defendants have committed any specific acts to subject it to jurisdiction in New York or, even simply, that the handgun recovered in New York from the shooting can be connected in any manner to RKB. The Plaintiffs' claims are based on a loosely-bound theory that a handgun legally distributed and sold in Ohio, which was then sold in the illegal, underground market in New York **through several transactions**, which resulted in a shooting in New York, must be connected to this defendant since it was somehow, at sometime, in a business relationship dealing with a lease of real estate to a corporation that provided handguns through legal channels of commerce. Such bald claims, with no supporting evidence, do not rise to a "purposeful act invoking the benefits of New York law" to satisfy C.P.L.R. §302(a)(i) or (ii) . *See Hamilton I* at 55-56.

### C. RKB Has Not Committed A Tort Outside Of New York

C.P.L.R. §302(a)(3)(i) and (ii) permit jurisdiction over a defendant that commits a tortious act outside the state of New York. However, as the Second Circuit indicated, "the plaintiff must aver facts that if credited, would suffice to establish *all the requirements* under one of §302a's subsections, including the commission of a tort." *Banks Brussel Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 785 (2d. Cir. 1999)(emphasis added).

Again, plaintiffs do not specifically allege any facts that RKB committed a tortious act, either in the state of New York or outside the state. In fact, none of the allegations in the complaint specifically identify that RKB had any involvement whatsoever in the manufacturing, distributing and/or selling of the handgun at issue, nor that it engaged in any type of tortious activity, or derived revenue from such acts, which would subject them to New York long arm jurisdiction. Plaintiffs grossly misstate, in Paragraph 38 of the Complaint, that RKB somehow controls the firearms companies of various named defendants in this action. This statement fails to allege anything more

8

specific with respect to the nature of the wrongful tort or action taken by RKB or how it relates to the subject shooting. This allegation, with no supporting basis, does not satisfy C.P.L.R. §302(a) and accordingly, the long-arm statute can not confer personal jurisdiction over RKB.

### IV. As RKB Has No Contacts With New York, An Exercise Of Jurisdiction By This Court Would Violate Federal Due Process.

Assuming *arguendo* that jurisdiction by this Court over the defendant is found to be appropriate under the New York long-arm statute, it would be a violation of due process to keep RKB in this action as there is no evidence of contacts sufficient to satisfy jurisdiction in New York. "The due process determination involves the assessment first as to whether the defendant has sufficient contacts with the forum state to justify the exercise of personal jurisdiction, and second, as to whether the assertion of jurisdiction is reasonable under the circumstances and "comports with the 'traditional notions of fair play and substantial justice'". *Hamilton I*, 32 F. Supp. 2d. at 57 (citations omitted).

The factual arguments raised above regarding the lack of evidence of RKB's activities to establish personal jurisdiction under the long-arm statute apply equally to this due process analysis. There is no evidence to establish that RKB has committed a negligent act in or out of the state of New York, that it derives substantial revenue, if any, from New York, or that it took any act to purposefully avail it of the benefits of New York.

To establish minimum contacts, the plaintiff must show that "'specific' jurisdiction exists through a showing that plaintiff's claims arise from or are related to a defendant's activities in the forum." *Hamilton I*, *Id.*; *See Philip Morris*, 86 F. Supp. 2d at 94. The minimum contacts analysis is 'fact-intensive'". *Hamilton I*, *Id.* at 59, n.7. If the plaintiffs' factual evidence in support of a "minimum contacts" argument is weak, the defendant's threshold for establishing unreasonableness to defeat jurisdiction is lessened. *Philip Morris*, 86 F. Supp. 2d at 96. In the instant action, there

9

is no allegation or evidence that rises to the specific proof required of the plaintiffs to establish jurisdiction over RKB under the minimum contacts test.

Moreover, if RKB would be subject to this Court's jurisdiction, it would offend the "traditional notions of fair play and substantial justice" and would be unreasonable under the circumstances of this particular case. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d. Cir. 1996)(citations omitted). In conducting a "reasonableness inquiry", the Court will consider five factors: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id.*; *Hamilton I*, 32 F. Supp. 2d at 59.

It would be burdensome, inconvenient and unreasonable for RKB to defend itself in New York since RKB is a partnership established under the laws of the State of California for the purpose of dealing in the real estate business, not the firearms business. Ex. 2, ¶¶3-4. RKB owns property in the State of California only. It has never transacted or conducted business outside the State of California. Ex. 2, ¶4. The lack of any solid allegations advanced by the plaintiffs, including the absence of minimum contacts, to link RKB to any of the allegations of negligence and public nuisance violates "fair play and substantial justice, warranting that this Court dismiss RKB from this action.

### V. Conclusion

For the foregoing reasons, this Court lacks personal jurisdiction over RKB under New York law and an exercise of jurisdiction over RKB would violate due process. Additionally, there is a lack

of sufficiency of service of process on RKB.  Accordingly, RKB respectfully requests that this Court grant RKB's Motion to Dismiss and Memorandum of Law in Support of Its Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction, and for such further relief as this Court may deem proper and necessary.

Dated: New York, New York
July 18, 2002

*/s/ Robert E. Scott, Jr.*
Robert E.  Scott, Jr. (RES 9592)
Semmes, Bowen & Semmes
250 W.  Pratt Street
Baltimore, MD 21201
(410) 539-5040

and

Brian Heermance (BPH 6805)
Morrison, Mahoney & Miller, LLP
100 Maiden Lane - 22nd Floor
New York, NY 10038

Attorneys for Defendant RKB Investments

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July, 2002, a copy of Defendant, RKB Investments, Memorandum of Law in Support of Its Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction was served electronically on Elisa Barnes, 111 Broadway, 4th Floor, New York City, NY 10006, Attorney for Plaintiff.

                                                        */s/ Robert E. Scott, Jr.*
                                                        Robert E. Scott, Jr.

B0275965.WPD

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOAN TRUMAN SMITH** | **CIVIL ACTION NO:** <br> **CV 02 3029 (JBW)** |
| **V.** | |
| **BRYCO ARMS, Inc., et al.** | **Honorable Jack B. Weinstein** |

## ORDER

Upon consideration of Defendant's, RKB Investments, Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process, and any Oppositions filed thereto, it is this _____ day of _____, 2002, hereby,

**ORDERED**, that Defendant's, RKB Investments, Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process is **GRANTED**.

_____
JUDGE, JACK B. WEINSTEIN