# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**JOAN TRUMAN SMITH**

**V.**

**BRYCO ARMS, Inc., et al.**

**CIVIL ACTION NO:**
**CV 02 3029 (JBW)**

**Honorable Jack B. Weinstein**

## DEFENDANT JANICE JENNINGS' NOTICE OF MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

PLEASE TAKE NOTICE that, upon the annexed Memorandum of Law in Support of her

Motion to Dismiss for Lack of Personal Jurisdiction, and Affidavit of Janice Jennings, together with

the attached exhibits, and all prior pleadings and proceedings had herein, Defendant Janice Jennings

will move this Court, oral argument requested, before the Honorable Jack B. Weinstein, United

States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, 11201, on a date specified by the

Court, for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure dismissing

Plaintiff's claims as against Defendant Janice Jennings for lack of personal jurisdiction.

Dated: New York, New York
       November /9   , 2002

Respectfully submitted,

*Robert E. Scott Jr. /w*

Robert E. Scott, Jr. (RS 9592)
Lauren E. Lacey (LL2999)
Brittany L. Roberts (BR 4744)
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD 21201
(410) 539-5040

and

Brian Heermance (BH 6805)
Morrison, Mahoney & Miller, LLP
100 Maiden Lane - 22nd Floor
New York, NY 10038

Attorneys for Defendant Janice Jennings

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**JOAN TRUMAN SMITH**

**V.**

**CIVIL ACTION NO:**
**CV 02 3029 (JBW)**

**BRYCO ARMS, Inc., et al.**

**Honorable Jack B. Weinstein**

## DEFENDANT JANICE JENNINGS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Janice Jennings, by and through her undersigned attorneys, hereby submits her Memorandum of Law in Support of her Motion to Dismiss, pursuant to the Federal Rules of Civil Procedure 12(b)(5), for lack of personal jurisdiction, and in support states:

### I. Statement Of Facts

This suit was filed by the Plaintiff alleging negligence and public nuisance against various defendants, including Janice Jennings, all the members of the Jennings family, Bryco Arms, Inc. ("Bryco"), and B. L. Jennings, Inc. ("BLJ"), among others, related to a shooting that occurred on May 25, 2000. *See* Complaint, ¶¶1, 10-24. Janice Jennings has never been engaged in the firearms business in her personal capacity in any manner or at any time. *See Affidavit of Janice Jennings Personally and as President of Bryco Arms, attached hereto as Exhibit 1,* ¶ 4.

At approximately 12:30 p.m. on October 3, 2002, a private process served Janice Jennings with 15 copies of the Summons and Complaint at her residence in Copper Canyon, Texas. *Id.*, ¶ 3. The Summonses were directed to: Janice Jennings, individually; Bryco Arms, Inc.; Bradley Jennings, individually; Kimberly Jennings, individually; and Rhonda Jennings, individually. *Id.* Janice Jennings asked the process server who he was serving and he stated "Janice Jennings,

individually, and Bryco Arms, Inc."[1]  *Id.*  Janice Jennings specifically told the process server that she could not accept service for Bruce Jennings, individually, or B.L. Jennings, Inc. and he stated "I am not serving anyone other than you, individually, and Bryco."[2]  *Id.*

As to any contacts with the State of New York, Janice Jennings has never owned, rented or leased any property in the State. *Id.*, ¶5.  She has never owned any assets in the State of New York. *Id.*  She has never had a checking, savings or any other type of account with a bank in the State of New York, nor has she ever worked in the State of New York. *Id.*  She has never transacted or conducted any business in, nor ever traveled to for personal reasons, the State of New York.[3]  *Id.*, ¶¶5-6.  As Janice Jennings has no contacts with New York in any manner, there is no basis for personal jurisdiction by this Court.

## II.     Lack Of Personal Jurisdiction

### A.     The Burden Of Proving That This Court Has Personal Jurisdiction Over Janice Jennings Lies With The Plaintiff

This action has been filed by the Plaintiff based upon proper venue and jurisdiction pursuant to 28 U.S.C. §1391, for business contacts with the State of New York, and 28 U.S.C. §1332, for

---

[1]  Bryco Arms, Inc. was served on June 28, 2002 and answered the Complaint on July 18, 2002.  Rhonda Jennings was served on September 12, 2002 at her home in Las Vegas, Nevada and filed a Motion to Dismiss for Lack of Personal Jurisdiction on October 2, 2002.

[2]  Although the process server stated that he was only serving Janice Jennings, individually, and Bryco Arms, Inc., Janice Jennings is accepting service, only in this case, on behalf of Bradley Jennings, Kimberly Jennings, the Rhonda D. Jennings Nevada Trust, the Bradley A. Jennings Nevada Trust, and the Kimberly K. Jennings Nevada Trust. *Ex. 1,* ¶ 3. Motions to Dismiss for Lack of Personal Jurisdiction will be filed for each of the above Defendants for which Janice Jennings accepted service of process.

[3]  Janice Jennings was required to appear in New York City, New York on July 18, 2002 in order to have her deposition taken as the President of Bryco Arms, Inc. in the case of *NAACP v. A.A. Arms, Inc., et al.* Ex. 1, ¶ 6.

diversity of citizenship. *See* Complaint, ¶¶7,8. "Personal jurisdiction over a defendant in a diversity action is determined by reference to the law of the jurisdiction in which the court sits", and accordingly, the application of New York state law to the instant case is appropriate. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 56 (2d Cir. 1985), *citing United States v. First National City Bank*, 379 U.S. 378, 381-82, 13 L. Ed. 2d 365, 85 S. Ct. 528 (1965); *Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 223 (2d Cir. 1963)(en banc). It is the plaintiff's burden to establish jurisdiction by a preponderance of the evidence. *Hoffritz,* 763 F.2d at 56. The nature of the plaintiff's obligation varies depending on the procedural posture of the litigation. . . "only a *prima facie* showing is necessary to defeat a jurisdiction testing motion before discovery". *Ball v. Metallurgie Hoboker-Overpelt, S.A.*, 902 F.2d 194, 196 (2d Cir. 1990), *cert. denied*, 498 U.S. 854, 112 L. Ed. 2d 116, 111 S. Ct. 150 (1990). However, "conclusory allegations without an elucidation of supporting facts will not suffice to meet Plaintiff's burden." *Abbacor, Inc. v. Miller, et al.*, 2001 U.S. Dist. Lexis 13385, *7 (S.D.N.Y. Aug. 31, 2001).

In determining whether personal jurisdiction exists in this diversity action, the court will inquire whether Janice Jennings is subject to service of process under the New York long-arm statute, specifically C.P.L.R.§302(a), and whether the jurisdiction is in accordance with the constitutional requirements of federal due process. *Hamilton v. Accu-tek*, 32 F. Supp. 2d 47, 55 (E.D.N.Y. 1998), *vacated sub nom. Hamilton v. Beretta, U.S.A. Corp.*, 222 F.3d 36 (2d Cir. 2000) ("*Hamilton I*"); *Savin v. Ranier,* 898 F.2d 304, 306 (2d Cir. 1990); *See Ball*, 902 F.2d at 198.

**B.      There Is No Basis For Personal Jurisdiction By This Court
Under The New York Long-Arm Statute**

To assert jurisdiction in this action under C.P.L.R. §302(a)(3) of the New York long-arm statute, the Plaintiff must prove that Janice Jennings:

> committed a tortuous act outside New York which caused injury to person or property inside New York and the defendant (i) regularly conducts or solicit business in New York or derives substantial revenue from goods used or services and goods sold in New York, or (ii) the defendant reasonably expects the act to have consequences in New York and to derive substantial revenue from interstate commerce.

*Cortland Racquet Club, Inc. v. Oy Saunatec, Ltd.*, 978 F. Supp. 520, 523 (E.D.N.Y. 1997). *See Hamilton I* at 55; *Schaadt v. T.W. Kutter, Inc.*, 169 A.D.2d 969, 969, 564 N.Y.S.2d 865, 866 (1991). Under C.P.L.R. §302(a)(ii), known as the "foreseeability requirement", "there must be an affirmative or purposeful act invoking the benefits or protection of New York law." *Hamilton I* at 56; *Schaadt*, 169 A.D. at 970, 564 N.Y.S.2d at 866; *Cortland*, 978 F. Supp. at 523.  "In other words, mere foreseeability of in-state consequence and failure to avert that consequence is not sufficient to establish personal jurisdiction under New York's long-arm statute." *Cortland*, 978 F. Supp. at 523; *See Schaadt*, 169 A.D.2d at 969, 564 N.Y.S.2d; *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).  "The test of whether a defendant expects or should reasonably expect his act to have consequence within the State is an <u>objective</u>, rather than subjective one". *Cortland*, 978 F. Supp. at 523 (emphasis added).

### i.   No Basis For Personal Jurisdiction Over Janice Jennings Individually

The facts in this matter do not support that Janice Jennings has committed an act or engaged in conduct to be subject to jurisdiction under C.P.L.R. §302(a)(i) or (ii).  Janice Jennings has not engaged in any conduct that would subject her to jurisdiction under New York's long arm statute. She has never transacted or conducted business in, nor traveled to for personal reasons, the State of New York. *Ex. 1*, ¶¶5-6.  Aside from traveling to New York City for her deposition as the President

of Bryco Arms, Inc. in the case of *NAACP v. A.A. Arms, Inc., et al.*, she has not had any personal

contact with the State of New York for any reason. *Id.,* ¶6.

Furthermore, Janice Jennings, as an individual, has never been involved with the

manufacture, sale or distribution of firearms in New York, or in any other state or country. *Id.*, ¶4.

Janice Jennings has never been engaged in the firearms business in her personal capacity in any

manner or at any time. *Id.* Plaintiff has made no allegations that Janice Jennings committed any

specific acts to subject her to jurisdiction in New York or, even simply, that the handgun recovered

in New York from the shooting can be connected in any manner to Janice Jennings personally.

Therefore, there is no basis for personal jurisdiction by this Court over Janice Jennings.

### C.   Janice Jennings Has Not Committed A Tort Outside Of New York

C.P.L.R. §302(a)(3)(i) and (ii) permit jurisdiction over a defendant that commits a tortuous

act outside the State of New York. However, as the Second Circuit indicated, "the plaintiff must

aver facts that if credited, would suffice to establish *all the requirements* under one of §302a's

subsections, including the commission of a tort." *Banks Brussel Lambert v. Fiddler Gonzalez &*

*Rodriguez*, 171 F.3d 779, 785 (2d Cir. 1999), *vacated*, 2002 U.S. App. Lexis 19635 (2d Cir. Sept.

20, 2002)(emphasis added).

Again, the Plaintiff does not specifically allege any facts that Janice Jennings committed a

tortuous act, either in the State of New York or outside the State. In fact, any allegation of activity

by all Defendants seems to stop in Ohio with the legal sale of the subject firearm to Angela Freeman,

who is interestingly not named as a Defendant in this case. *See* Complaint, ¶2. Specifically, none

of the claims made in the Complaint allege that the manufacturing, distributing and/or selling of the

handgun at issue involved Janice Jennings, personally, nor that she engaged in any type of tortuous

5

activity which would subject her to New York long arm jurisdiction. "Courts consider the totality of the defendant's contacts with New York in determining whether jurisdiction exists." *Abbacor*, 2001 U.S. Dist. Lexis 13385 at *11. Janice Jennings has no contacts with New York in any manner and accordingly, the long-arm statute can not confer personal jurisdiction over her.

### III.  As Janice Jennings Has No Contacts With New York, An Exercise Of Jurisdiction By This Court Would Violate Federal Due Process.

Assuming *arguendo* that jurisdiction by this Court over Janice Jennings is found to be appropriate under the New York long-arm statute, it would be a violation of due process to keep her in this action as there is no evidence of contacts sufficient to satisfy jurisdiction in New York. "The due process determination involves the assessment first as to whether the defendant has sufficient contacts with the forum state to justify the exercise of personal jurisdiction, and second, as to whether the assertion of jurisdiction is reasonable under the circumstances and "comports with the 'traditional notions of fair play and substantial justice'". *Hamilton I*, 32 F. Supp. 2d at 57.

The factual arguments raised above regarding the lack of evidence as to Janice Jennings' activities with New York to establish personal jurisdiction apply equally to this due process analysis. There is simply no evidence to establish that she has committed an act, either negligent or not, in or out of the State of New York, that she conducts or solicits business in New York, or that she took any act to purposefully avail herself of the benefits of New York.

To establish minimum contacts, the plaintiff must show that "'specific' jurisdiction exists through a showing that plaintiff's claims arise from or are related to a defendant's activities in the forum." *Id.*; *See Simon v. Philip Morris, Inc.*, 86 F. Supp. 2d 95, 126 (E.D.N.Y. 2000). The minimum contacts analysis is 'fact-intensive'". *Hamilton I*, 32 F. Supp. 2d at 59, n.7. If the plaintiff's factual evidence in support of a "minimum contacts" argument is weak, the defendant's

6

threshold for establishing unreasonableness to defeat jurisdiction is lessened. *Simon*, 86 F. Supp. 2d at 126-127.  In the instant action, there is not a scintilla of evidence that rises to the specific proof, let alone any proof, that is required of the Plaintiff to establish that Janice Jennings had minimum contacts with New York.

Moreover, if Janice Jennings would be subject to this Court's jurisdiction, it would offend the "traditional notions of fair play and substantial justice" and would be unreasonable under the circumstances of this particular case.  *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996), *cert. denied*, 519 U.S. 1007, 136 L. Ed. 2d 398, 117 S. Ct. 508 (1996)(citations omitted).  In conducting a "reasonableness inquiry", the Court will consider five factors: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id.*; *Hamilton I*, 32 F. Supp. 2d at 59.

Janice Jennings is employed by Bryco Arms, Inc. located in Costa Mesa, California, not in New York, or in any other state for that matter. *Ex. 1,* ¶1.  Janice Jennings is a resident of the State of Texas.  *Id.*, ¶2.  It would be burdensome, inconvenient and unreasonable for Janice Jennings to defend herself in New York, when she resides in Texas and is employed on the other side of the country.  Furthermore, the lack of any solid allegations advanced by the Plaintiffs, including the absence of minimum contacts, to link the Defendants to any of the allegations of negligence and public nuisance violates "fair play and substantial justice", warranting that this Court dismiss Janice Jennings from this action.

## IV.    Conclusion

For the foregoing reasons, this Court lacks personal jurisdiction over Janice Jennings, individually, under New York law and an exercise of jurisdiction over Janice Jennings would violate due process. Accordingly, Janice Jennings respectfully requests that this Court grant her Motion to Dismiss and Memorandum of Law in Support of Her Motion to Dismiss for Lack of Personal Jurisdiction, and for such further relief as this Court may deem proper and necessary.

Dated: New York, New York
　　　　November 15, 2002

　　　　　　　　　　　　　　　　Robert E Scott Jr./s

　　　　　　　　　　　　　　　　Robert E.  Scott, Jr. (RS 9592)
　　　　　　　　　　　　　　　　Lauren E. Lacey (LL2999)
　　　　　　　　　　　　　　　　Brittany L. Roberts (BR 4744)
　　　　　　　　　　　　　　　　Semmes, Bowen & Semmes
　　　　　　　　　　　　　　　　250 W. Pratt Street
　　　　　　　　　　　　　　　　Baltimore, MD 21201
　　　　　　　　　　　　　　　　(410) 539-5040

　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　Brian Heermance (BH 6805)
　　　　　　　　　　　　　　　　Morrison, Mahoney & Miller, LLP
　　　　　　　　　　　　　　　　100 Maiden Lane - 22nd Floor
　　　　　　　　　　　　　　　　New York, NY 10038

　　　　　　　　　　　　　　　　Attorneys for Defendant Janice Jennings

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2002, a copy of Defendant Janice Jennings Memorandum of Law in Support of Her Motion to Dismiss for Lack of Personal Jurisdiction was mailed, first-class, postage prepaid and filed electronically to: Elisa Barnes, 111 Broadway, 4[th] Floor, New York City, New York 10006, Attorney for Plaintiff, and filed electronically to all counsel of record.

Robert E. Scott Jr./s
Robert E.  Scott, Jr.

(B0295593.WPD;1)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**JOAN TRUMAN SMITH**

**V.**

**BRYCO ARMS, Inc., et al.**

**CIVIL ACTION NO:**
**CV 02 3029 (JBW)**

**Honorable Jack B. Weinstein**

## <u>ORDER</u>

Upon consideration of Defendant Janice Jennings' Motion to Dismiss for Lack of Personal Jurisdiction, and any Oppositions filed thereto, it is this _____ day of _____,

2002, hereby,

**ORDERED**, that Defendant Janice Jennings' Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.

_____
JUDGE JACK B. WEINSTEIN

# EXHIBIT 1
# AFFIDAVIT

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOAN TRUMAN SMITH** | **CIVIL ACTION NO:** |
| | **CV 02 3029 (JBW)** |
| **V.** | |
| | **Honorable Jack B. Weinstein** |
| **BRYCO ARMS, Inc., et al.** | |

## AFFIDAVIT OF JANICE JENNINGS, PERSONALLY,
## AND AS PRESIDENT OF BRYCO ARMS, INC.

| | | |
|---|---|---|
| **STATE OF TEXAS** | ) | |
| | ) | **ss:** |
| **COUNTY OF DENTON** | ) | |

Before me, the undersigned authority, personally appeared Janice Jennings, who is known to me, and who after being duly sworn deposes and says:

I, JANICE JENNINGS, being over eighteen (18) years of age and competent to testify as a witness and having personal knowledge of the facts set forth below do herein make oath in due form as follows:

1.      I am the President of Bryco Arms, Inc. ("Bryco"), located in Costa Mesa, California, and I have served in this capacity since approximately 1990.  I am also the sole officer, director and stockholder of Bryco.  I am responsible for managing all of the financial affairs of Bryco.  My office as President is located at the Bryco plant at 380 Clinton Street in Costa Mesa, California.

2.      I am a citizen and resident of Copper Canyon, Texas and maintain a Bryco office near Dallas to conduct its business in my capacity as President.  When I am not at the principal office of Bryco in Costa Mesa, California, I work from Bryco's office in Texas.  The office in Texas was opened in 2000.

3.      At approximately 12:30 p.m. on October 3, 2002, a private process served me with 15 copies of the Summons and Complaint at my residence in Copper Canyon, Texas. The Summonses were directed to: Janice Jennings, individually; Bryco Arms, Inc.; Bradley Jennings, individually; Kimberly Jennings, individually; and Rhonda Jennings, individually. I asked the process server who he was serving and he stated "Janice Jennings, individually, and Bryco Arms, Inc." I specifically told the process server that I could not accept service for Bruce Jennings, individually, or B.L. Jennings, Inc. ("BLJ") and he stated "I am not serving anyone other than you, individually, and Bryco." Although the process server stated that he was only serving Janice Jennings, individually, and Bryco Arms, Inc., I am accepting service, only in this case, on behalf of Bradley Jennings, Kimberly Jennings, the Rhonda D. Jennings Nevada Trust, the Kimberly K. Jennings Nevada Trust, and the Bradley A. Jennings Nevada Trust.

4.      I have never been involved in my personal capacity with the manufacture, sale or distribution of firearms in New York, or in any other state or country. I have never been engaged in the firearms business in my personal capacity in any manner or at any time. All of my work in the firearms business has been as an owner, corporate officer and/or employee of Bryco.

5.      I have never owned, rented or leased any property in the State of New York. I have also never owned any assets in the State of New York, nor have I ever transacted or conducted any business in the State of New York. I have never had a checking, saving or any other type of account with a bank in the State of New York, nor have I ever worked in the State of New York.

6.      I was required to appear in New York City, New York on July 18, 2002 in order to have my deposition taken as the President of Bryco Arms, Inc. in the case of *NAACP v. A.A.*

*Arms, Inc., et al*.  Aside from that one occasion, I have never traveled to the State of New York in my personal or business capacity for any reason.  I have had no personal contact whatsoever with the State of New York.

3

I declare under the penalty of perjury under the laws of the State of Texas that the contents of the foregoing affidavit are true and correct to the best of my knowledge.

Dated: Nov. 14, 02

_Janice Jennings_
Janice Jennings

Sworn to me this
14th day of Nov, 2002.            Date: 11/14/02

_Leslie K. Self_
Notary Public

My commission expires on: 3/20/03

LESLIE K. SELF
Notary Public
STATE OF TEXAS
My Comm. Expires 03-25-2003

Smith.AffidavitofJaniceJenningspersonally.(B0301193)

3