## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOAN TRUMAN SMITH** | **CIVIL ACTION NO:** |
| | **CV 02 3029 (JBW)** |
| **V.** | |
| | **Honorable Jack B. Weinstein** |
| **BRYCO ARMS, Inc., et al.** | |

## DEFENDANT BRUCE JENNINGS' NOTICE OF SECOND MOTION TO DISMISS
## FOR INSUFFICIENCY OF SERVICE OF PROCESS

PLEASE TAKE NOTICE that, upon the annexed Memorandum of Law in Support of His

Second Motion to Dismiss for Insufficiency of Service of Process, and Affidavits of William Wood

and Bruce Jennings, together with the attached exhibits, and all prior pleadings and proceedings had

herein, Defendant Bruce Jennings will move this Court, oral argument requested, before the

Honorable Jack B. Weinstein, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New

York, 11201, on a date specified by the Court, for an order pursuant to Rule 12(b) of the Federal

Rules of Civil Procedure dismissing Plaintiff's claims against Defendant Bruce Jennings for

insufficiency of service of process.

Dated: New York, New York

_____, 2003

Respectfully submitted,

_____

Robert E. Scott, Jr. (RES 9592)

Semmes, Bowen & Semmes

250 W. Pratt Street

Baltimore, MD 21201

410-539-5040

and

Brian Heermance (BPH 6805)

Morrison, Mahoney & Miller, LLP

100 Maiden Lane - 22nd Floor

New York, NY 10038

Attorneys for Defendant Bruce Jennings

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

**JOAN TRUMAN SMITH**

**CIVIL ACTION NO:**

**V.**                                                          **CV 02 3029 (JBW)**

**BRYCO ARMS, Inc., et al.**                        **Honorable Jack B. Weinstein**

**DEFENDANT BRUCE JENNINGS' MEMORANDUM OF LAW
IN SUPPORT OF HIS SECOND MOTION TO DISMISS
FOR INSUFFICIENCY OF SERVICE OF PROCESS**

Defendant Bruce Jennings, by and through his undersigned attorneys, hereby submits his

Memorandum of Law in Support of His Second Motion to Dismiss, pursuant to Federal Rule of Civil

Procedure 12(b)(5), on the grounds of insufficiency of service of process, and in support states:

**I. Statement Of Facts**

This suit was filed by Plaintiff alleging negligence and public nuisance against various

defendants, including Bruce Jennings, all the members of the Jennings family, Bryco Arms, Inc., and

B. L. Jennings, Inc. ("BLJ"), among others, related to a shooting that occurred on May 25, 2000.

*See* Complaint, ¶¶1, 10-24.

On or about October 7, 2002, Bruce Jennings was not present at his residence in Daytona,

Florida as he was traveling out of town. *See Affidavit of Bruce Jennings*, attached hereto as Exhibit

1, ¶¶1-2. He returned home to Daytona, Florida sometime after October 7, 2002 and found legal

papers at his front door. Ex. 1, ¶3.   A note from a security guard for Spruce Creek Fly-In, Mr.

Jennings' neighborhood, was attached to the legal papers informing Mr. Jennings that the papers that

were thrown and left in the street by a process server.  A security guard subsequently delivered the

legal papers to Mr. Jennings' front door.  Mr. Jennings was not provided with the name or identity of the security guard who delivered the legal papers to his front door.  Ex. 1, ¶3.

Mr. Jennings then informed counsel that another unsuccessful attempt was made by a private process server to serve him with the Summons and Complaint in this matter.[1]  One of the attorneys for Bruce Jennings, Lauren E. Lacey, spoke to Elisa Barnes personally on November 20, 2002, while attending a hearing before the Honorable Jack B. Weinstein in the matter of *NAACP v. American Arms, et al.* and informed Ms. Barnes that her process server made another unsuccessful attempt to serve Mr. Jennings.[2]  Mrs. Lacey informed Ms. Barnes that the time to serve Bruce Jennings was extended by this Court until November 7, 2002, pursuant to a Court Order dated October 7, 2002.  Counsel for Bruce Jennings told Ms. Barnes that she did not have authority to accept service on behalf of Bruce Jennings but she would kindly agree to provide Plaintiff additional time to serve Bruce Jennings until December 31, 2002.  This agreement with the Plaintiff to allow additional time to effect service on Bruce Jennings was confirmed in writing.  *See Letter to Elisa Barnes, Esquire, from Lauren E. Lacey, Esquire, dated November 25, 2002,* attached hereto as Exhibit 3.

No attempt has been made by the Plaintiffs to re-serve Bruce Jennings since the agreement was made.  However, on December 30, 2002, Lauren E. Lacey received a telephone call from

---

[1]  Previously, on July 15, 2002, Defendant Bruce Jennings filed his first Motion to Dismiss for Insufficiency of Service of Process which was granted by this Court pursuant to an Order dated October 7, 2002.

[2]  As Ms. Barnes had indicated at the September 5, 2002 hearing in this case on various motions to dismiss filed by Defendants, including Defendant Bruce Jennings' first Motion to Dismiss for Insufficiency of Service, Ms. Barnes would like defense counsel to let her know personally or by telephone that service on Bruce Jennings was improper so that she could then proceed to effect proper service on him.  *See Transcript of Proceedings, September 5, 2002, p. 1418:22,* attached hereto as Exhibit 2.  In accordance with Ms. Barnes' request, Counsel for Defendant Bruce Jennings, Lauren Lacey, advised Ms. Barnes of this recent improper service attempt on Bruce Jennings.

2

Monica Connell, Counsel for the Plaintiff, indicating that she had now decided that the attempt by the process server to effect service on Bruce Jennings on October 7, 2002 was sufficient and that the Plaintiff had no intention of re-serving Mr. Jennings. Ms. Connell indicated that she had received an affidavit of service on Bruce Jennings on October 7, 2002 from her private process server, which she then forwarded to Mrs. Lacey on December 30, 2002. *See Return of Service Affidavit on Bruce Jennings sent via facsimile from Monica Connell, Esquire, to Lauren E. Lacey, Esquire, dated December 30, 2002*, attached hereto as Exhibit 4.

As the Return of Service Affidavit on Bruce Jennings indicates, several attempts to effect service on Mr. Jennings were made and "no one ever responded. Copies were mailed on 10/9/02 in an envelope marked personal and confidential."[3] Ex. 4, p.2, "Comments". The Affidavit also states that a copy of the papers to be served were delivered to "M. Wood, Security Guard, as the person designated by Bruce Jennings to receive same in his, hers or its stead." Ex. 4, p.2, "Other Service".

The Return of Service Affidavit is a flagrant misrepresentation by the private process server of his attempts to serve Bruce Jennings or an individual authorized to accept service on Bruce Jennings' behalf. Bruce Jennings did not, nor has he ever designated or authorized, by appointment or by law, any individual, including William Wood and/or any security guard employed Spruce Creek Fly-In Property Owners Association, to accept service of process or summonses on his behalf. Ex. 1, ¶4. In fact, a security guard for the community of Spruce Creek Fly-In, William Wood, does recall that a private process server attempted to serve a Summons and Complaint on Bruce Jennings on some date in October, 2002. *See Affidavit of William Wood*, attached hereto as Exhibit 5, ¶¶1-2. He does not recall the exact date and time that the process server attempted service. However,

---

[3] It is important to note that the Return of Service Affidavit fails to provide an address where the process server claims to have mailed the legal papers that he was attempting to serve on Bruce Jennings.

William Wood does recall that he was on duty when the process server threw the legal papers apparently intended for Bruce Jennings at the door of the security guardhouse and drove away.  Ex. 5, ¶2.  Mr. Wood then informed his supervisor, Captain Hickey, about the papers that were thrown by the process server at the security guardhouse.  Captain Hickey advised Mr. Wood to deliver the legal papers to the address of Bruce Jennings in Spruce Creek Fly-In and to leave the papers at Mr. Jennings' front door.  Bruce Jennings was out of town when Mr. Wood delivered the papers to Mr. Jennings' house.  Ex. 5, ¶4.

William Wood did not speak with, exchange words, or have any type of conversation with the process server at any time or in any manner regarding the service of papers for Bruce Jennings or for any other reason.  Ex. 5, ¶3.  More importantly, Mr. Wood was not, nor has he ever, been designated or authorized by appointment or by law to receive or accept service of process or summonses on behalf of Bruce Jennings.  Ex. 5, ¶5.

## II.    Insufficiency of Service of Process

Fed. R. Civ. P. 4(e)(2) authorizes service on an individual "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  Service of the Summons and Complaint on Bruce Jennings was attempted by a private process server by throwing the legal papers at the security guardhouse of Mr. Jennings residential community after attempts to locate Mr. Jennings at his home were unsuccessful.  Despite statements in the Return of Service Affidavit for Bruce Jennings that the legal papers were properly left with "M .Wood, a security guard", no individual, including William Wood and/or any security guard employed Spruce Creek Fly-In Property Owners Association, has ever been designated or authorized, by appointment or by law, to accept service of process or summonses on behalf of Bruce Jennings.  Ex. 1, ¶4; Ex. 5, ¶5.  Furthermore, Fed. R. Civ. P. 4(e) does not provide for service of the

4

Summons and Complaint by mail in any manner and, as such, it is immaterial that the private process server mailed a copy of the Summons and Complaint on 10/9/02. Therefore, once again, Bruce Jennings was not served in compliance with Fed. R. Civ. P. 4(e) and dismissal is appropriate.

Strict compliance with Federal Rule of Civil Procedure 4 is required. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F.Supp 1100, 1103 (Nev. 1996). Once service is challenged, the plaintiff bears the burden proving that service was properly effected under Fed. R. Civ. P. 4. *Berk v. The City of New York*, 2001 U.S. Dist. Lexis 13738, 9 (S.D.N.Y. 2001). If service of process is not shown to be effected in accordance with Fed. R. Civ. P. 4, dismissal may be proper under Fed. R. Civ. P. 12(b)(5). Moreover, the formal requirements of Rule 4 must be meet regardless of whether or not the defendant has actual notice of the lawsuit. *Baade,* 175 F.R.D. at 405, *citing Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir, 1996). Since no individual has ever been designated or authorized, by appointment or by law, to accept service of process or summonses on behalf of Bruce Jennings, the additional attempts by the Plaintiffs to serve Mr. Jennings at his residence in Daytona, Florida as outlined in the Return of Service of Affidavit are ineffective and improper under Fed. R. Civ. P. 4(e).

III**.    Conclusion**

For the foregoing reasons, sufficiency of service of process on Bruce Jennings is improper. Accordingly, Defendant Bruce Jennings respectfully requests that this Court grant his Second Motion to Dismiss and Memorandum of Law in Support of His Motion to Dismiss for Insufficiency of Service of Process, and for such further relief as this Court may deem proper and necessary.

Dated: New York, New York
_____ , 2003

*Robert E Scott Jr.*
Robert E. Scott, Jr. (RES 9592)
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD 21201
(410) 539-5040

and

Brian Heermance (BPH 6805)
Morrison, Mahoney & Miller, LLP
100 Maiden Lane - 22nd Floor
New York, NY 10038

Attorneys for Defendant Bruce Jennings

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2003, a copy of Defendant Bruce Jennings' Second Motion to Dismiss and Memorandum of Law in Support of His Second Motion to Dismiss for Insufficiency of Service of Process was served electronically and mailed, first-class, postage prepaid, to Elisa Barnes, 111 Broadway, 4th Floor, New York City, New York 10006, Attorney for Plaintiff.

*Robert E. Scott Jr.*
Robert E. Scott, Jr.

(B0314446.WPD;1)

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

JOAN TRUMAN SMITH

**CIVIL ACTION NO:**
**CV 02 3029 (JBW)**

V.

**Honorable Jack B. Weinstein**

BRYCO ARMS, Inc., et al.

### AFFIDAVIT OF BRUCE JENNINGS

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | ) | ss: |
| COUNTY OF ORANGE | ) | |

Before me, the undersigned authority, personally appeared Bruce Jennings, who is known to me, and who after being duly sworn deposes and says:

I, BRUCE JENNINGS, being over eighteen (18) years of age and competent to testify as a witness and having personal knowledge of the facts set forth below do herein make oath in due form as follows:

1.     I am a resident of Spruce Creek Fly-In located in Daytona, Florida.

2.     On or about October 7, 2002, I was traveling out of town.

3.     When I returned to my residence in Spruce Creek Fly-In, I found legal papers at my front door. I understand that the papers were delivered to my front door by a security guard for my community. I do not know the name or identity of the security guard who delivered the legal papers to my front door. A note from a security guard was attached to the papers informing me that the papers that were thrown and left in the street by a process server.

4.      I did not, nor have I ever designated or authorized, by appointment or by law, any individual, including William Wood and/or any security guard employed Spruce Creek Fly-In Property Owners Association, to accept service of process or summonses on my behalf.

2

I declare under the penalty of perjury under the laws of the State of California that the

contents of the foregoing affidavit are true and correct to the best of my knowledge.

Dated: _1 - 13 - 03_

Bruce Jennings

Sworn to me this
_13_ day of January, 2003.

Date: JAN. 13, 2003

Larenda Johnson
Notary Public

My commission expires on: JAN. 22, 2005

LARENDA JOHNSON
Commission # 1291805
Notary Public - California
Orange County
My Comm. Expires Jan 22, 2005

# EXHIBIT 2

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X
                            :
JOAN TRUMAN SMITH,                      02-CV-3029

     Plaintiff,

          -against-        :
                                United States Courthouse
                                Brooklyn, New York
BRYCO ARMS, ET AL,

     Defendants.           :
                                September 5, 2002
- - - - - - - - - - - - - - X    12:00 p.m.

                 TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JACK B. WEINSTEIN
             UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:      LAW OFFICE OF ELISA BARNES, LLC
                        111 Broadway
                        New York, New York  10006
                        BY:  ELISA BARNES, ESQ.

For the Defendant
Bruce Jennings, et al:  SEMMES, BOWEN & SEMMES
                        250 West Pratt Street
                        Baltimore, Maryland  21201
                        BY:  BRITTANY L. ROBERTS, ESQ.

Liaison counsel for
the manufacturers:      RENZULLI, PISCIOTTI, & RENZULLI, LLP
                        300 E. 42nd Street
                        New York, New York  10017
                        BY:  LEONARD S. ROSENBAUM, ESQ.

Court Reporter:         Holly Driscoll, CSR
                        225 Cadman Plaza East
                        Brooklyn, New York
                        (718) 260-2469

Proceedings recorded by mechanical stenography, transcript
produced by computer.



HOLLY DRISCOLL, CSR        OFFICIAL COURT REPORTER

1          MS. BARNES:  Your Honor, this motion is entirely

2     premature.  The 120 days has not yet run.  I have just

3     received answers from some of the other defendants.  The

4     process server had, in fact, just sent over the papers.  I had

5     not even had a chance to look at it.  The affidavit indicates

6     clearly that this was a conversation had with the process

7     serving company, not with me.

8          I intended to serve him, Bruce Jennings was in New

9     York, I could have served him personally, I didn't.  I mean I

10    was taking his deposition, I should have just served him here,

11    but be that as it may, I would simply ask the Court as to all

12    of these insufficient services, I understand my obligations

13    under Rule 4, the 120 days has not run, I would ask that the

14    Court extend that by 30, we will serve each of them

15    personally, both RKB which is a partnership, the various

16    trusts for the children of which Bruce Jennings and Janice

17    Jennings are the individual trustees and settlors.  The trust

18    can be served through individual service.  I will have Bruce

19    Jennings served personally and this motion, had it been dealt

20    with simply by a phone call saying, you know, I don't think

21    you have adequate service or could we have an extension, etc.,

22    to get adequate service, it could have been resolved.

23          THE COURT:  Let me get this clear, as to B.L.

24    Jennings, Inc. and Jennings Firearms, Inc. of Nevada, service

25    is okay?

# EXHIBIT 3

# SEMMES, BOWEN & SEMMES
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

250 WEST PRATT STREET
BALTIMORE, MARYLAND 21201

TELEPHONE 410-539-5040

FACSIMILE 410-539-5223

WWW.SEMMES.COM

Lauren E. Lacey
Direct Dial: 410-576-4873
Email: llacey@mail.semmes.com

OFFICES IN
WASHINGTON, D.C.
HAGERSTOWN, MARYLAND
SALISBURY, MARYLAND
McLEAN, VIRGINIA

November 25, 2002

Elisa Barnes, Esquire
Law Office of Elisa Barnes, LLC
111 Broadway
New York, NY 10006

  Re: **Joan Truman Smith v. Bryco Arms, Inc., et al**
     **U.S. District Court for the Eastern District of New York**

Dear Ms. Barnes:

  I am writing to confirm our conversation in which we discussed that Bruce Jennings has not been properly served and that we agreed to extend the date for executing service on Bruce Jennings until December 31, 2002.

  Should you have any questions, please do not hesitate to give me a call.

      Very truly yours,

      Lauren E. Lacey

LEL:lse

(B0304822.WPD;1)

# EXHIBIT 4

## LAW OFFICE OF ELISA BARNES
### 111 BROADWAY, 4TH FLOOR
### NEW YORK, NEW YORK 10006
#### Phone: 212-693-2330
#### Fax: 212-693-2334

NEW JERSEY OFFICE:
76 SOUTH ORANGE AVENUE
SOUTH ORANGE, NJ 07079-1923

## FACSIMILE TRANSMISSION

TO: _Lauren Lacey, Esq._

FAX: _410-539-5223_

FROM: _Monica Connell_

RE: _Bruce Jennings_

DATE: _12/30/02_

THIS FACSIMILE TRANSMISSION CONTAINS _2_ PAGES INCLUDING THIS COVER PAGE.

IF YOU DO NOT RECEIVE THE ENTIRE TRANSMISSION OR IF YOU RECEIVED THE TRANSMISSION IN ERROR, PLEASE CONTACT (212) 693-2330. THIS TRANSMISSION IS INTENDED FOR THE USE OF THE PERSON OR ENTITY TO WHOM IT IS ADDRESSED. IT MAY CONTAIN PRIVILEGED OR CONFIDENTIAL COMMUNICATIONS. ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE CONTENTS OF THIS TRANSMISSION, OTHER THAN BY THE INTENDED RECIPIENT IS STRICTLY PROHIBITED.

RETURN OF SERVICE AFFIDAVIT
BRUCE JENNINGS

UNITED STATES EASTERN DISTRICT OF NEW YORK                    CASE: 02-3029 CV
BROOKLYN, NEW YORK

                                                              _Jack Weinstein_

JOHN TRUMAN SMITH, ETC., ET AL.          SUMMONS
                                         20 DAY / COMPLAINT
vs.                                      JURY DEMAND

BRYCO ARMS, ET AL.

---

Pursuant to the request of NICOLETTI & HARRIS, INC., 139 FULTON STREET, NEW YORK, N.Y.
METRO PROCESS SERVICE, received this process on August 30, 2002 at 09:00 A.M.

I, MAX GARCIA served same on BRUCE JENNINGS, at 2689 SPRUCE CREEK BLVD., DAYTONA,
FL on OCTOBER 7, 2002 at 04:45 P.M.

OTHER SERVICE

By delivering a true copy of the attached instrument to M. WOOD, SECURITY GUARD
as the person designated by BRUCE JENNINGS to receive same in his, hers or its stead, as a
matter of comity and expedience. SERVICE BY ACCEPTANCE.

COMMENTS

M. WOOD IS A WHITE MALE, ABOUT 50 YEARS OLD, 5'9" TALL, 160 LBS WITH GREY HAIR. ABOUT 12
ATTEMPTS WERE MADE TO SERVE THESE PAPERS INCLUDING ATTEPTS AT 7:00 AM, 10:45 AM, 2:05 PM,
8:15 PM AND AS LATE AS 10:30 PM. INCLUDING SATURDAY NO ONE EVER RESPONDED. COPIES WERE
MAILED ON 10/09/02 IN AN ENVELOPE MARKED PERSONAL AND CONFIDENTIAL.

I ACKNOWLEDGE that I am authorized to serve process, in good standing in the
jurisdiction wherein this process was served and I have no interest in the above action.

The foregoing instrument was              METRO PROCESS SERVICE
acknowledged before me this day           19 WEST FLAGLER SUITE #418
by the process server who is              MIAMI, FL 33130
personally known to me.                   OFFICE (305) 374-7387
October 9th, 2002

_____Kim Niman_____                       _____Max Garcia_____
NOTARY                                    MAX GARCIA

INDEX   204115

Kim A. Niman
Commission # CC 796999
Expires JAN. 31, 2003
BONDED THRU
ATLANTIC BONDING CO., INC.



# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**JOAN TRUMAN SMITH**

**V.**

**BRYCO ARMS, Inc., et al.**

**CIVIL ACTION NO:**
**CV 02 3029 (JBW)**

**Honorable Jack B. Weinstein**

### AFFIDAVIT OF WILLIAM WOOD

| | | |
|---|---|---|
| **STATE OF FLORIDA** | ) | |
| | ) | **ss:** |
| **CITY OF DAYTONA** | ) | |

Before me, the undersigned authority, personally appeared William Wood, who is known to me, and who after being duly sworn deposes and says:

I, **WILLIAM WOOD**, being over eighteen (18) years of age and competent to testify as a witness and having personal knowledge of the facts set forth below do herein make oath in due form as follows:

1.      I am a security guard for Spruce Creek Fly-In Property Owners Association.

2.      In approximately October, 2002, a private process server attempted to serve a Summons and Complaint on Bruce Jennings in the neighborhood of Spruce Creek Fly-In. I do not recall the exact date and time that the process server attempted service however, I was on duty when the process server threw the papers apparently intended for Bruce Jennings at the door of the security guardhouse and drove away.

3.      I did not speak with, exchange words, or have any type of conversation with the process server at any time or in any manner regarding the service of papers for Bruce Jennings or for any other reason.

4.      I informed my supervisor, Captain Hickey, about the papers that were thrown by the process server at the security guardhouse.  He advised me to deliver the papers to the address of Bruce Jennings in Spruce Creek Fly-In and to leave the papers at Mr. Jennings' front door.  Bruce Jennings was out of town when I delivered the papers to his house.

5.      I am not, nor have I ever, been designated or authorized by appointment or by law to receive or accept service of process or summonses on behalf of Bruce Jennings.

2

I declare under the penalty of perjury under the laws of the State of Florida that the

contents of the foregoing affidavit are true and correct to the best of my knowledge.

Dated: _____1/8/03_____

William Wood, Security Guard
Spruce Creek Fly-In Property Owners Association

Sworn to me this
_____ day of January, 2003

Notary Public

My commission expires on:_____.

(B0312946.WPD;1)

KARLA L. BAUMANN
MY COMMISSION # CC 894974
EXPIRES: April 13, 2004
Bonded Thru Notary Public Underwriters

3