## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**JOAN TRUMAN SMITH**

**V.**

**BRYCO ARMS, Inc., et al.**

**CIVIL ACTION NO:**
**CV 02 3029 (JBW)**

**Honorable Jack B. Weinstein**

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF VARIOUS MOTIONS TO DISMISS
## FOR INSUFFICIENCY OF SERVICE OF PROCESS
## AND LACK OF PERSONAL JURISDICTION

Defendants Bruce Jennings, Janice Jennings, Rhonda Jennings, Kimberly Jennings, Bradley

Jennings, Jennings Firearms, Inc. of Nevada, Jennings Firearms, Inc. of California, Calwestco, Inc.,

RKB Investments, the Rhonda Jennings Nevada Trust, the Kimberly Jennings Nevada Trust, and

the Bradley Jennings Nevada Trust[1], by and through their undersigned attorneys, hereby submit this

Reply Memorandum of Law in Support of various Motions to Dismiss, pursuant to Federal Rules

of Civil Procedure 12(b)(2) and (5), on the grounds of insufficiency service of process and lack

of personal jurisdiction, and in support state:

### I. Procedural Status

Since the inception of this litigation, the Jennings Defendants have filed various Motions to

Dismiss for insufficiency of service of process and lack of personal jurisdiction. Currently, there are

twelve (12) pending motions to dismiss for lack of personal jurisdiction filed on behalf of

Defendants Bruce Jennings, Janice Jennings, Rhonda Jennings, Kimberly Jennings, Bradley

Jennings, Jennings Firearms, Inc. of Nevada, Jennings Firearms, Inc. of California, Calwestco, Inc.,

RKB Investments, the Rhonda Jennings Nevada Trust, the Kimberly Jennings Nevada Trust, and

---

[1]     For purposes of this Reply, the group of defendants listed herein will be referred
to as the "Jennings Defendants."

the Bradley Jennings Nevada Trust.  There is one (1) pending motion to dismiss for insufficiency of service of process filed by Defendant Bruce Jennings.

However, there are two motions addressed by Plaintiff in her Opposition to which the Defendants take exception. Defendant RKB Investments ("RKB") contends that its Motion to Dismiss for lack of personal jurisdiction is premature as Plaintiff has failed to re-serve RKB in accordance with this Court's Order dated October 7, 2002.  As requested by Plaintiff's Counsel at a hearing before this Court on September 5, 2002, and as stated in this Court's Order, Plaintiff was provided an additional thirty (30) days, until November 7, 2002, to serve RKB. *See Court Order dated October 7, 2002,* attached hereto as Exhibit 1; *See Transcript of Proceedings before the Honorable Jack B. Weinstein, Case No. 02-CV-3029, dated September 5, 2002, pp. 14-15*, attached hereto as Exhibit 2.

No attempts have been made since October 7, 2002 to effect service on RKB.  In Paragraph 17 of her Affirmation in Opposition to the Motions to Dismiss, Ms. Connell, counsel for the Plaintiff, states that RKB was served "by leaving a copy of the summons and complaint with a Mr. Tony Acosta at the location of RKB" and was also served "through service upon its principals". *See Affirmation in Opposition to the Motions to Dismiss, p.4, ¶17.*  The attempted service of RKB upon Mr. Acosta was deemed ineffective by this Court at the September 5, 2002 hearing.  As to service of RKB upon "its principals", or upon any other proper entity or individual, Plaintiff's Counsel has never provided Counsel for the Jennings Defendants, nor this Court, with an affidavit attesting to such proof of service on RKB.  Plaintiff has failed to effect service upon RKB within the additional time frame set forth by this Court, and accordingly, RKB should be dismissed from this action.

Additionally, in Paragraph 16 of Ms. Connell's Affirmation in Opposition to the Motions to Dismiss, she refers to Motions to Dismiss for lack of personal jurisdiction filed by Defendants, the

2

Rhonda Jennings California Trust, Kimberly Jennings California Trust, and Bradley Jennings California Trust (the "California Trusts"). *See Affirmation in Opposition to the Motions to Dismiss, p.4, ¶16.* There were no motions to dismiss filed on behalf of the California Trusts. Defendants contend that no attempt has been made to serve the California Trusts. Defendants did agree to accept service of process on behalf of the Rhonda Jennings Nevada Trust, the Kimberly Jennings Nevada Trust, and the Bradley Jennings Nevada Trust, and motions for lack of personal jurisdiction were filed accordingly; however, Defendants are not aware of any attempts to serve the California Trusts. Furthermore, Plaintiff's Counsel has never provided Counsel for the Jennings Defendants, nor this Court, with an affidavit attesting to proof of service on the California Trusts. As such, responses to the Complaint by the California Trusts are premature.

Lastly, Defendants Bryco Arms, Inc. ("Bryco") and B. L. Jennings, Inc. ("BLJ") have filed Answers to the Complaint and are not contesting jurisdictional issues at this time. Plaintiff raises a brief argument in her Opposition that Bryco and BLJ are properly subject to this Court's jurisdiction. Additionally, Plaintiff baselessly concludes that, because Bryco and BLJ are not moving before this Court on pending motions and "are admittedly going to have to defend this action", the Jennings Defendants should also remain in this case since all are represented by the same counsel and have been sued in various jurisdictions across the country and in New York. *See Memorandum of Law in Opposition to Various Defense Motions to Dismiss, p.7.* Defendants are not aware of any legal provisions that allow for jurisdiction by this or any other Court on such bald connections.

II.     **Motions to Dismiss for Lack of Personal Jurisdiction**

      A.     **Plaintiff Has Failed To Show That Defendants Are Subject To Personal Jurisdiction By This Court Under The New York Long Arm Statute**

The Jennings Defendants filed various Motions to Dismiss based on the application  and analysis of personal jurisdiction under CPLR §302(a)(3) of the New York Long Arm Statute. Plaintiff's Opposition completely disregards the New York Long Arm Statute as a basis for establishing personal jurisdiction over the Jennings Defendants.   In fact, the Opposition is completely absent of any analysis under New York Law that this Court has personal jurisdiction over the Jennings Defendants. Rather, Plaintiff's Opposition contains a long tirade of mere conclusory allegations against the defendants that jurisdiction is somehow proper because "Bruce Jennings uses the various corporate entities herein as "dummies" through which he conducts his business of manufacturing and distributing handguns." *See Memorandum of Law in Opposition to Various Defense Motions to Dismiss, p.23.*  Plaintiff's attempt to pierce the corporate veil by asserting baseless factual statements against the Defendants ignores the arguments, based upon analysis of CPLR §302(a)(3), raised by the Defendants, and as such, the Opposition is essentially non-responsive to the substantive issues presented in the various Motions to Dismiss.[2]

Interestingly, Plaintiff's baseless accusations against the Jennings Defendants are a mirror image of the allegations raised against Defendant Bruce Jennings in the matter of *NAACP v. American Arms, Inc., et al.,* Case No. CV-99-3999.  In *NAACP*, Defendant Bruce Jennings was

---

    [2]     In an attempt to support the groundless allegations against the Jennings Defendants, Plaintiff attaches various exhibits, including Exhibits B, E, F, and K, that appear to be obtained from the Internet or other unidentified sources. At this stage, "the Court's inquiry is limited to the facts in the complaint or in documents attached to the Complaint." *Newman v. Holder*, 101 F. Supp.2d 103, 105 (E.D.N.Y. 2000), *citing Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996).  These exhibits were not attached to the complaint, nor referenced in the Complaint and should be disregarded in consideration of the Plaintiff's Opposition.

personally dismissed on May 10, 2000 by this Court because the Plaintiff lacked evidence in support

of its attempt to pierce the corporate veil. *See Transcript of Conference before The Honorable Jack*

*B. Weinstein, NAACP v. Acusport Corp., et al.; NAACP, et al, American Arms, et al., Case. Nos. CV-*

*99-7037, 99-3999, dated May 10, 2000, pp. 6:22-24,* attached hereto as Exhibit 3,. Then, in May,

2002, Plaintiffs attempted to reinstate its claims against Bruce Jennings as the alter ego of

Defendants Bryco and BLJ. Plaintiff was permitted to undertake limited discovery against Bruce

Jennings to explore its potential piercing the corporate veil claim, including deposing Bruce Jennings

and receipt of production of numerous documents such as corporate tax returns, bank statements,

incorporation documents, board meeting minutes, and certificates of good standing for Bryco and

BLJ.[3]

On September 5, 2002, this Court denied Plaintiff's Motion For Reinstatement Of Claims

Against Bruce Jennings, holding that the evidence was insufficient to show that Bryco and BLJ were

not valid corporations. *See Transcript of Conference before The Honorable Jack B. Weinstein*,

*NAACP v. Acusport Corp., et al., Case. Nos. CV-99-7037, 99-3999, dated September 5, 2002, p.*

*16:10-12,* attached hereto as Exhibit 4. Likewise, the Plaintiff will not succeed in a corporate veil

theory in this case. The evidence that exists in the *NAACP* case for Bryco and BLJ is identical to

the evidence that Plaintiffs would be permitted to uncover in this action in pursuit of any alter ego

claim. This Court even appeared inclined to consider dismissing Bruce Jennings from this action

---

[3]        Although Plaintiff states in her Opposition that Defendants did not provide copies
of these various documents in support of its current pending Motions to Dismiss, Plaintiff
certainly has possession of these documents from the *NAACP* action. Furthermore, it is
Plaintiff's burden to establish the facts necessary to maintain personal jurisdiction, not the
Defendants. Although, Defendants contend that the numerous corporate documents produced to
Plaintiffs in the *NAACP* case strongly support the existence of the proper corporate structure of
Bryco and BLJ and further enhance Defendants arguments that all the Jennings Defendants
should be dismissed from this action.

under the same baseless alter ego theory asserted in *NAACP*; however, the issue was not ripe to consider as it was not presented in the various pending Motions to Dismiss. Ex. 2, p.10. Although, when asked by this Court, Plaintiff's Counsel acknowledged that the issues against Bruce Jennings were the same in this case as in the *NAACP* matter. *Id.*

> B.   **Plaintiff, Not Defendants, Bears The Burden Of Proving Personal Jurisdiction Under New York Law**

Despite the general and repeated accusations in the Opposition about lack of corporate form and structure and the need to pierce the corporate veil of the Jennings Defendants' "enterprise", Plaintiff fully ignores its obligation in opposition to the Motions to Dismiss before this Court. Plaintiff, not Defendants, bears the burden to prove jurisdiction under New York law by preponderance of the evidence and she has completely failed to meet that standard. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 56 (2d Cir. 1985), *citing United States v. First National City Bank*, 379 U.S. 378, 381-82, 13 L. Ed. 2d 365, 85 S. Ct. 528 (1965); *Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 223 (2d Cir. 1963)(en banc).   "[C]onclusory allegations without an elucidation of supporting facts will not suffice to meet Plaintiff's burden." *Abbacor, Inc. v. Miller, et al.*, 2001 U.S. Dist. Lexis 13385, *7 (S.D.N.Y. Aug. 31, 2001).

Throughout her Opposition, plaintiff presents general arguments alleging that the Defendants have failed to provide evidence to disprove plaintiff's allegations regarding "ownership interest in Bryco or participation in schemes to secret assets from creditors."  These accusations are based on plaintiff's alter ego theories against the Defendants which are not the subject or basis of the various Motions to Dismiss submitted by the Jennings Defendants.  It bears repeating that the pending Jennings Defendants' Motions to Dismiss for lack of personal jurisdiction are based upon CPLR §302(a)(3) of the New York Long Arm Statute, and not upon any alleged corporate veil claims

loosely asserted by the Plaintiff in her Complaint. In support of the various Jennings Defendant's

Motions to Dismiss, each Defendant submitted an affidavit that clearly establishes the requisite proof

to defeat personal jurisdiction under New York Law.[4]  Each defendant strongly attests to lack of any

conduct that would subject them to jurisdiction under New York's long arm statute, including no

personal conduct with, transaction of business in, or traveling to the State of New York for any

purpose.   Furthermore, no individual defendant has been engaged in the firearms business in their

personal capacity in any manner or at any time.  *See Affidavits of Jennings Defendants submitted in*

*support of various Motions to Dismiss for Lack of Personal Jurisdiction.*  Plaintiff's allegations in

the Complaint, and the Opposition, do not identify any specific tortious acts inside or outside the

State of New York committed by the Jennings defendants that would subject them to jurisdiction in

New York.   Therefore, there is no basis for personal jurisdiction by this Court over the Jennings

Defendants under the New York Long Arm Statute.

It is the plaintiff's burden to make a factually supported, prima facie showing necessary to

defeat jurisdictional testing motions.  Plaintiff's averment of facts must be sufficient to allow the

trier of fact to establish jurisdiction over the defendants.    *Ball v. Metallurgie Hoboker-Overpelt,*

*S.A.*, 902 F.2d 194, 196 (2d Cir. 1990), *cert. denied*, 498 U.S. 854, 112 L. Ed. 2d 116, 111 S. Ct. 150

(1990)(citations omitted).  Since Plaintiff disregarded the proper standard under CPLR §308 for

establishing personal jurisdiction over the Jennings Defendants and further failed to provide fruitful

---

[4]    In her Opposition, Plaintiff claims that she did not receive a copy of Rhonda
Jennings' affidavit.  Rhonda Jennings' affidavit with attachments, in support of her Motion to
Dismiss for Lack of Personal Jurisdiction, was filed electronically with this Court on October 2,
2002, and mailed, via first class mail, to counsel for the Plaintiff on the same date.  Counsel for
Defendant forwarded another copy of the affidavit of Rhonda Jennings to Counsel for the
Plaintiff on February 21, 2003.

evidence in support of such argument, the Motions to Dismiss for Lack of Personal Jurisdiction against the Jennings Defendants should be accordingly dismissed.

### III.   Defendant Bruce Jennings' Second Motion to Dismiss for Insufficiency of Service of Process

#### A.   Service Of Process Of Defendant Bruce Jennings Was Not Effected In Compliance With CPLR §308(2) Or Fed. R. Civ. P. 4(e)(2)

Defendant Bruce Jennings contests Plaintiff's attempt to serve him at his residence in Daytona, Florida since, once again, the Plaintiff's process server left the summons and complaint with an individual who was not designated, nor authorized by appointment or by law, to receive or accept service of process or summons for Bruce Jennings.  *See Defendant Bruce Jennings' Memorandum of Law in Support of Second Motion to Dismiss for Insufficiency of Service of Process, Exhibit 1, ¶4, Exhibit 5, ¶5.*

Plaintiff's Opposition cites to New York Civil Practice §308(2) as governing service upon an individual.  Defendant Bruce Jennings Motion applies Fed. R. Civ. P. 4(e)(2) to the method of effective service on an individual.  However, whether this Court evaluates the service upon Bruce Jennings under CPLR §308(2) or under Fed. R. Civ. P. 4(e)(2), service of process on Bruce Jennings is improper.  CPLR §308(2) permits service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place abode of the person to be served."  Fed. R. Civ. P. 4(e)(2) provides for similar service at the "individual's dwelling place or usual place of abode with some person of suitable age or discretion then residing therein."

By Plaintiff's own admissions, the process server made several unsuccessful attempts to serve Bruce Jennings at his "dwelling place or usual place of abode" and decided to leave, unsuccessfully, the summons and complaint with a security guard for the community where Bruce

Jennings resides. Plaintiff acknowledges in her Opposition that Mr. Wood, the security guard with whom the process server attempted to leave the papers, would not accept service. *See Memorandum of Law in Opposition to Various Defense Motions to Dismiss, p.20.* Furthermore, Mr. Wood clearly states, in his affidavit in support of Defendants Bruce Jennings' Second Motion to Dismiss, that he was not, nor has he ever, been designated or authorized by appointment or by law to receive or accept service of process or summonses on behalf of Bruce Jennings. *See Defendant Bruce Jennings' Memorandum of Law in Support of Second Motion to Dismiss for Insufficiency of Service of Process, Ex. 5, ¶5.*

Plaintiff attempts to argue that service is sufficient where papers are left with a security guard in a gated community. *See Memorandum of Law in Opposition to Various Defense Motions to Dismiss, p.21.* However, Plaintiff plainly misstates when such service is permitted. If the security guard does not permit access to the community or residence of the person to be served, then delivery upon a security guard at a gatehouse may be upheld as proper service. *See Costine v. St. Vincent's Hosp. & Med. Ctr. of New York*, 173 A.D.2d 422, 422, 570 N.Y.S.2d 50, 50 (N.Y. App. Div. 1991). Plaintiff's process server was permitted access to the community and Bruce Jennings' residence on twelve occasions to attempt service and, therefore, service upon the security guard is not effective.

Plaintiff further argues that the "guardhouse could be considered to be the outside boundary of Mr. Jennings' residence" and that service in this manner upon the guard would be effective, alternative service since the process server was not able to serve Mr. Jennings at his house. However, the caselaw referenced by the Plaintiff in support of this proposition is misconstrued. Service is only permitted in the "general vicinity" of the person to be served if he resists or refuses to accept process. *See McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 115, 291 N.Y.S.2d 328, 331, 238 N.E.2d 726, 728 (1968); *Patane v. Romeo*, 235 A.D.2d 649, 650, 652 N.Y.S.2d 142, 150 (N.Y.

App. Div.1997), *appeal denied,* 89 N.Y.2d 813, 658 N.Y.S.2d 243 (N.Y. 1997). Plaintiff makes no assertions, nor has any proof, that Bruce Jennings was refusing or resisting service. The process server was simply unable to locate Mr. Jennings, or an individual of suitable age and discretion, on the dates and times that service was attempted on Mr. Jennings at his residence.

Plaintiff then argues alternatively that, if service on the security guard is improper, Mr. Jennings still had actual notice of the lawsuit, making such service upon him valid. Strict compliance with Federal Rule of Civil Procedure 4 is required. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp 1100, 1103 (D. Nev. 1996). The formal requirements of Rule 4 must be met regardless of whether or not the defendant has actual notice of the lawsuit. *Baade v. Price,* 175 F.R.D. 403, 405 (D.D.C. 1997), *citing Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). "When the requirements for service of process have not been met, it is irrelevant that the defendant may have actually received the documents." *Raschel v. Rish*, 69 N.Y.2d 694, 697, 512 N.Y.S.2d 22, 24, 504 N.E.2d 389, 390 (N.Y. App. Div.1986).

Since service of process upon Bruce Jennings was not undertaken properly in compliance with CPLR§ 308(2) or Fed. R. Civ. P. 4(e)(2), dismissal of Defendant Bruce Jennings from the instant action is appropriate.

### B.    Plaintiff Should Not Be Permitted to Serve Bruce Jennings Under CPLR §308(6)

Plaintiffs mention that this Court seemed inclined, at the hearing on September 5, 2002, to grant permission to serve legal counsel for Defendant Bruce Jennings if service on him could not be effected. However, at the hearing on September 5, 2002, this Court denied the Plaintiff's request for service in accordance with CPLR §308(6) as a matter of due process. Ex. 2, p.16.

CPLR §308(6) pertains to court ordered service which may be permitted if service is impracticable. Impracticable service, by example, involves unsuccessful efforts to serve an individual because that person has left no forwarding address or that person's whereabouts cannot be determined. *See Dobkin v. Chapman*, 21 N.Y.2d 490, 503, 289 N.Y.S.2d 161, 171, 236 N.E.2d 451, 458 (N.Y. 1968), *quoting Walker v. City of Hutchinson*, 352 U.S. 112, 114 (1956)(citation omitted).. In order to permit court appointed service, Plaintiff must show that service would be "futile" even if diligent efforts were made to continue such process. *Liebeskind v. Liebeskind*, 86 A.D.2d 207, 210, 449 N.Y.S.2d 226, 228 (N.Y. App. Div.1982), *aff'd*, 58 N.Y.S.2d 858, 447 N.E.2d 74 (N.Y. 1983). Plaintiff must also demonstrate factually, and not with baseless assumptions, that service cannot be carried out under CPLR §308(2). *See Dime Sav. Bank of New York v. Mancini*, 169 A.D.2d 964, 964, 564 N.Y.S.2d 859, 859-860 (N.Y. App. Div.1991); *Markoff v. South Nassau Community Hosp.*, 91 A.D.2d 1064, 1064-65, 458 N.Y.S.2d 672, 673-674 (N.Y. App. Div.1983), *aff'd*, 61 N.Y.2d 283, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (N.Y. 1984).

Plaintiff has only made attempts to serve Bruce Jennings at two locations, at the offices of B.L. Jennings, Inc. by improperly serving President Chris Larsen[5] and at his current residence in Daytona, Florida by improperly serving a security guard. Both methods of service were invalid since these individuals did not have actual or legal authority to accept receive service on behalf Bruce Jennings. Plaintiff has not made a factual demonstration that service attempts by conventional methods would be futile, and thus, court appointed service should not be granted.

---

[5]     Service of the Summons and Complaint for Defendant Bruce Jennings upon Chris Larsen, President of B.L. Jennings, Inc. was ruled invalid by the Court on September 5, 2002. Ex. 2, pp. 14-15.

IV.    **Conclusion**

For the foregoing reasons, Plaintiff has failed to satisfy its burden of establishing that this Court has personal jurisdiction over the Jennings Defendants or to establish that service of process on Bruce Jennings was valid.  Accordingly, Defendants Bruce Jennings, Janice Jennings, Rhonda Jennings, Kimberly Jennings, Bradley Jennings, Jennings Firearms, Inc. of Nevada, Jennings Firearms, Inc. of California, Calwestco, Inc., RKB Investments, the Rhonda Jennings Nevada Trust, the Kimberly Jennings Nevada Trust, and the Bradley Jennings Nevada Trust Bruce Jennings respectfully requests that this Court (1) grant their Motions to Dismiss and Memorandums of Law in Support of their Motions to Dismiss for lack of personal jurisdiction and (2) grant Defendant Bruce Jennings' Second Motion to Dismiss and Memorandum of Law in Support of His Motion to Dismiss for Insufficiency of Service of Process, and for such further relief as this Court may deem proper and necessary.

Dated: New York, New York
       February 21, 2003

Robert E. Scott, Jr. (RES 9592)
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD 21201
(410) 539-5040

and

Brian Heermance (BPH 6805)
Morrison, Mahoney & Miller, LLP
100 Maiden Lane - 22nd Floor
New York, NY 10038

Attorneys for Jennings Defendants

12

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of February, 2003, a copy of Defendants' Reply Memorandum of Law in Support of Motions to Dismiss for insufficiency of service of process and lack of personal jurisdiction was served electronically and mailed, first-class, postage prepaid, to Monica Connell, 111 Broadway, 4th Floor, New York City, New York 10006, Attorney for Plaintiff; Jeffrey M. Malsch, Renzulli, Pisciotti & Renzulli, LLP, 300 East 42nd Street, New York, New York 10017, Attorneys for Defendant Atlantic Gun Tackle Distributing Co., Inc.;   and Paul L. Kassirer, Lester Schwab, Katz & Dwyer, LLP, 120 Broadway, New York, New York 10271, Attorneys for Defendant Acusport Corporation.

Robert E. Scott Jr. /s/

Robert E.  Scott, Jr.

(B0323011.WPD;1) 20147-17

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

JOAN TRUMAN SMITH

V.

BRYCO ARMS, Inc., et al.

**CIVIL ACTION NO:**
**CV 02 3029 (JBW)**

Honorable Jack B. Weinstein

## ORDER

Counsel for Defendants related to Bryco Arms, B.L. Jennings, Inc., Bruce Jennings, Jennings Firearms Inc. of Nevada, Jennings Firearms, Inc. of California, RKB Investments, and Calwestco have filed Motions to Dismiss the Complaint in this action on the grounds of Insufficient Service of Process, Personal Jurisdiction and Failure to State a Claim on the First Cause of Action for Negligence. After receipt of briefs and evidence and after hearing oral argument, it is now

**ORDERED** that the Motions by Defendants Bryco Arms and B.L. Jennings, Inc. for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Failure to State a Claim Upon Which Relief Can Be Granted as to the First Cause of Action for Negligence are denied, and it is further

**ORDERED** that the Motions by Defendants Jennings Firearms, Inc. of Nevada, Jennings Firearms Inc. of California, and Calwestco for dismissal due to Insufficient Service of Process pursuant to Rule 4 of the Federal Rules of Civil Procedure are denied, and it is further

**ORDERED** that the Plaintiff's time to effectuate proper service on Bruce Jennings, Janice Jennings, RKB Investments, Rhonda Jennings Nevada Trust, Kimberly Jennings Nevada Trust, Bradley Jennings Nevada Trust pursuant to Rule 4 is extended thirty days from the date of this order, and it is further



**ORDERED** that the Motions by Defendants Bruce Jennings, RKB Investments, Jennings

Firearms Inc. of Nevada, Jennings Firearms, Inc. of California, and Calwestco for dismissal on

the grounds of Lack of Personal Jurisdiction may be submitted for hearing after service issues

pertaining to Bruce Jennings and RKB Investments are resolved.

Dated: September 7, 2002
      Brooklyn, New York


                                    Jack B.  Weinstein
                                      Senior District Judge

2

# EXHIBIT 2

```
                                                           1

 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK
 2
    - - - - - - - - - - - - - X
 3                            :
    JOAN TRUMAN SMITH,
 4                                      02-CV-3029

 5      Plaintiff,

 6           -against-          :
                                    United States Courthouse
 7                                  Brooklyn, New York
    BRYCO ARMS, ET AL,
 8
        Defendants.          :
 9                                  September 5, 2002
    - - - - - - - - - - - - - X    12:00 p.m.
10
                        TRANSCRIPT OF PROCEEDINGS
11           BEFORE THE HONORABLE JACK B. WEINSTEIN
                  UNITED STATES DISTRICT JUDGE
12
    APPEARANCES:
13
    For the Plaintiff:       LAW OFFICE OF ELISA BARNES, LLC
14                           111 Broadway
                             New York, New York  10006
15                           BY:  ELISA BARNES, ESQ.

16  For the Defendant
    Bruce Jennings, et al:  SEMMES, BOWEN & SEMMES
17                           250 West Pratt Street
                             Baltimore, Maryland  21201
18                           BY:  BRITTANY L. ROBERTS, ESQ.

19  Liaison counsel for
    the manufacturers:       RENZULLI, PISCIOTTI, & RENZULLI, LLP
20                           300 E. 42nd Street
                             New York, New York  10017
21                           BY:  LEONARD S. ROSENBAUM, ESQ.

22  Court Reporter:          Holly Driscoll, CSR
                             225 Cadman Plaza East
23                           Brooklyn, New York
                             (718) 260-2469
24
    Proceedings recorded by mechanical stenography, transcript
25  produced by computer.
```

10

```
 1            THE COURT:  Motion is denied.  It can't be said on
 2   the basis of the information that we now have before us that
 3   the plaintiff will not be able to establish the facts
 4   supported by plaintiff's contentions and preliminary discovery
 5   which would satisfy Hamilton v. Beretta.  Motion denied.
 6            Next motion.
 7            MS. ROBERTS:  Your Honor, the next motion we have
 8   before the Court is the motion has been filed as three
 9   separate motions on behalf of five defendants.  The five
10   defendants are Bruce Jennings --
11            THE COURT:  Well, Bruce Jennings is out so we
12   don't --
13            MS. ROBERTS:  This is the Smith case and he was
14   served in this case also, his name is listed.
15            THE COURT:  Well, you have exactly the same issues as
16   we already discussed, don't you?
17            MS. BARNES:  Yes, Your Honor; however, with a
18   sufficient period of time under the rules to determine
19   Mr. Jennings' actual participation in this enterprise, it will
20   be demonstrated that Mr. Jennings and Ms. Jennings are, in
21   fact, the proper defendants in this action.
22            THE COURT:  Here the motion is insufficiency of
23   process?
24            MS. ROBERTS:  And lack of personal jurisdiction.
25            THE COURT:  Well, are you claiming that the corporate
```

1          MS. BARNES:  Your Honor, this motion is entirely

2     premature.  The 120 days has not yet run.  I have just

3     received answers from some of the other defendants.  The

4     process server had, in fact, just sent over the papers.  I had

5     not even had a chance to look at it.  The affidavit indicates

6     clearly that this was a conversation had with the process

7     serving company, not with me.

8          I intended to serve him, Bruce Jennings was in New

9     York, I could have served him personally, I didn't.  I mean I

10    was taking his deposition, I should have just served him here,

11    but be that as it may, I would simply ask the Court as to all

12    of these insufficient services, I understand my obligations

13    under Rule 4, the 120 days has not run, I would ask that the

14    Court extend that by 30, we will serve each of them

15    personally, both RKB which is a partnership, the various

16    trusts for the children of which Bruce Jennings and Janice

17    Jennings are the individual trustees and settlors.  The trust

18    can be served through individual service.  I will have Bruce

19    Jennings served personally and this motion, had it been dealt

20    with simply by a phone call saying, you know, I don't think

21    you have adequate service or could we have an extension, etc.,

22    to get adequate service, it could have been resolved.

23          THE COURT:  Let me get this clear, as to B.L.

24    Jennings, Inc. and Jennings Firearms, Inc. of Nevada, service

25    is okay?

1           MS. BARNES:  Yes, Your Honor.

2           THE COURT:  As to Bruce Jennings, you want an

3   additional 30 days?

4           MS. BARNES:  Yes, Your Honor.

5           THE COURT:  Granted.  As to Cal West Co.?

6           MS. BARNES:  Cal West Co. is the predecessor

7   corporation of Bryco Arms, Your Honor, and Bryco Arms, as I

8   understand defendant's papers, it was properly served in

9   California.  It is my understanding --

10          THE COURT:  Is that right?

11          MS. ROBERTS:  Bryco Arms was properly served.

12          THE COURT:  Well, for the same reason I've just

13  stated, Cal West Co. and Bryco are properly served.

14          What about Jennings Firearms, Inc. of California?

15          MS. BARNES:  That's the company prior to Cal West

16  Co., it goes Jennings Firearms, Cal West Co. and Bryco.

17          THE COURT:  For the same reasons I've already

18  stated.  So, you want time to serve RKB Investments?

19          MS. BARNES:  Yes, Your Honor.

20          THE COURT:  And Bruce Jennings himself, and who

21  else?

22          MS. BARNES:  And Janice Jennings, Your Honor, and the

23  trusts of the children, Bradley Jennings, Rhonda Jennings and

24  Kimberly Jennings.

25          THE COURT:  And the trust, 30 days, granted.  Submit

HOLLY DRISCOLL, CSR        OFFICIAL COURT REPORTER

16

1   an order on all the things I decided today.  Agree on the form

2   of it.  If not, provide counter-orders within 48 hours.

3          MS. BARNES:  Your Honor, may I?  The Jennings family

4   has counsel located in California who are, by their own

5   admission, solely engaged for the purpose of dealing with the

6   Jennings family firearms litigation.  May we serve all -- if

7   there is an inability to serve Bruce and Janice individually,

8   may the plaintiffs have permission to serve the attorneys in

9   California who are designated solely for the conduct --

10          THE COURT:  I can't give you such permission without

11   hearing from them as a matter of due process in advance.

12   Denied.  Submit an order indicating everything I've decided on

13   this issue please.

14          MS. ROBERTS:  Your Honor, also part of the

15   insufficiency of service of process motion is a lack of

16   personal jurisdiction over these five defendants.  Is this a

17   motion you would prefer me to argue now or after service has

18   been --

19          THE COURT:  After service, there's nothing to argue

20   at the moment.

21          MS. ROBERTS:  Okay.  And the individuals who you have

22   decided have already been properly served, shall I save the

23   argument for lack of personal jurisdiction and argue it all at

24   the same time?

25          THE COURT:  Please.

# EXHIBIT 3

HEADER LINE

PAGE 1  SHEET 1

1

```
 1                UNITED STATES DISTRICT COURT
 2                EASTERN DISTRICT OF NEW YORK
 3     - - - - - - - - - - - - - X
 4    N.A.A.C.P., ET AL,          :    CV-99-3999, 1461, 7032
 5    SWEETING, ET AL
 6              Plaintiffs,        :
 7              v.                 :    United States Courthouse
                                        Brooklyn, New York
 8    A.A. ARMS, ET AL,
      ACCUSPORT, ET AL;
 9
10              Defendants.        :    May 10, 2000
                                        10:00 o'clock a.m.
11     - - - - - - - - - - - - - X
12
13             TRANSCRIPT OF CONFERENCE
               BEFORE THE HONORABLE JACK B. WEINSTEIN
14             UNITED STATES DISTRICT JUDGE
15    APPEARANCES:
16
17    For the Plaintiffs:         ELISA BARNES, ESQ.
                                  DENISE DUNLEAVY, ESQ.
18                                JOSHUA HOROWITZ, ESQ. ESQ.
19
20    For Smith & Wesson:         GREENBERG TRAURIG
                                  200 Park Avenue
21                                New York, N.Y. 10166
22                                BY:  JOEL M. COHEN, ESQ.
23    For Heckler & Koch:         HOLLAND & KNIGHT
                                  195 Broadway
24                                New York, N.Y. 10007
                                  JAMES V. MARKS, ESQ.
25
```

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

---

PAGE 3

3

```
 1    For Colt's, Excel, CZ-USA:   PINO & ASSOCIATES
                                    Westchester Fin. Cen.
 2                                  50 Main Street
                                    White Plains, N.Y.
 3                                  BY:  THOMAS E. HEALY, ESQ.
 4
 5    For Ellet, RSR, Accusport:   BUDD LARNER GROSS ROSENBAUM
                                    GREENBERG & SADE
 6                                  150 John F. Kennedy Parkway,
                                    CN 1000
 7                                  Short Hills, N.J. 07078
 8                                  BY:  DAVID R. GROSS, ESQ.
 9
10    For Taurus, Braztech, Heritage:  BUDD LARNER GROSS ROSENBAUM
                                        GREENBERG & SADE
11                                      BY:  TIMOTHY A. BUMANN, ESQ.
12
13    For Deft Glock, Jennings,
      B.L. Jennings, Bryco:        RENZULLI & RUTHERFORD
14                                  16 West 46th Street
                                    N.Y., N.Y. 10036
15                                  JOHN F. RENZULLI, ESQ.
16                                  FRED E. SCHARF, ESQ.
                                    JOHN S. KANZLER, ESQ.
17
18    For Weatherby:               PAUL, HASTINGS, JANOFSKY
                                    & WALKER
19                                  1055 Washington Blvd.
20                                  Stamford, Cn. 06901
                                    BY:  DOUGLAS C. CONROY, ESQ.
21
22    For Fabbrica D'Armi
      Pietro Beretta, S.p.A:       PAVIA & HARCOURT
23                                  600 Madison Avenue
                                    New York, N.Y. 10022
24                                  BY:  RICHARD MATTIACCIO, ESQ.
25
```

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

---

PAGE 2

2

```
 1    For Colt's Mfg:             JONES, DAY, REAVIS & POGUE
                                  2727 N. Harwood St.
 2                                Dallas, Tx. 75201
                                  BY:  MICHAEL L. RICE, ESQ.
 3
 4    For Smith & Wesson:         SHOOK, HARDY & BACON
                                  One Kansas City Pl.
 5                                1200 Main Street
                                  Kansas City, Missouri 64105
 6                                BY:  GARY R. LONG, ESQ.
 7
 8    For Phoenix Arms:           TARICS & CARRINGTON
                                  5005 Riverway Dr.
 9                                Houston, Tx. 77056
                                  BY:  MICHAEL J. ZOMCIK, ESQ.
10
11
12    For Remington:             DEBEVOISE & PLIMPTON
                                  875 Third Avenue
13                                New York, N.Y. 10022
                                  BY:  KARIN S. SCHWARTZ, ESQ.
14                                     ANNE E. COHEN, ESQ.
15
16    For STI Int'l:             W.H. CONNOR, ESQ.
                                  Bank of America Bldg
17                                624 S. Austin Avenue
18                                Georgetown, Tx. 78626
19
20    For Sturm, Ruger:          WILDMAN, HARROLD,
                                  ALLEN & DIXON
21                                225 West Wacker Dr.
                                  Chicago, Il 60606
22                                BY:  ANNE G. KIMBALL, ESQ.
                                      JAMES P. DORR, ESQ.
23
24
25
```

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

---

PAGE 4

4

```
 1    For Defendant Olympic Arms:  BARTLETT, MC DONOUGH,
                                    BASTONE & MONAGHAN, LLP
 2                                  300 Old Country Road
                                    Mineola, New York 11541
 3                                  BY:  E. GORDON HAESLOOP, ESQ.
 4
 5    Court Reporter:             Sheldon Silverman
                                  Gene Rudolph
 6                                225 Cadman Plaza East
                                  Brooklyn, New York 11201
 7                                (718) 254-7214
 8
10    Proceedings recorded by mechanical stenography, transcript
      produced by CAT.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

PAGE 5   SHEET 2

5

Costa-direct-Barnes

1    THE CLERK:  NAACP, et al versus Arms, Inc., Sweeting,
2 et al, versus A.A. Arms; NAACP, et al, versus AccuSport.
3    THE COURT:  Good morning.
4    MR. SCHARF:  My name is Fred Scharf for the motion
5 of Mr. Jennings on jurisdictional --
6    THE COURT:  Perhaps you better come up here so the
7 reporter can hear you.
8    MR. SCHARF:  As your Honor is aware, defendant
9 Jennings has moved to dismiss on two grounds, the first, lack
10 of personal jurisdiction. The second failure to state a claim
11 on which relief can be granted due to the patent inadequacy of
12 the allegations of the complaint concerning fraud and
13 allegations of alter ego control of B.L. Jennings by defendant
14 Jennings individually.
15    I think all that really needs to be said in support
16 of this motion is that your Honor examine paragraph 122 of
17 this complaint, where Mr. Jennings' name is there, not John
18 Smith. These allegations can be made against anyone --
19    THE COURT:  Excuse me. You're moving to dismiss as
20 individual, correct?
21    MR. SCHARF:  Only the individual.
22    THE COURT:  Why is the individual in here?
23    MS. BARNES:  The individual is in here because
24 almost over a period of 20 years as we have demonstrated
25 somewhat in our responsive motion, Mr. Jennings as opposed to

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

PAGE 6

6

Costa-direct-Barnes

1 John Smith or any of the other principals in any of these
2 almost closely held corporations has had a long history of
3 using the corporations of which he is the president and
4 principal stockholder for his own personal use and he acts for
5 B.L. Jennings, Jennings Firearms and Bryco Arms as an alter
6 ego.
7    THE COURT:  In what way? I don't understand. You
8 haven't submitted --
9    MS. BARNES:  Your Honor, for purposes of a motion to
10 dismiss, the court respectfully is asked to take the pleadings
11 as we have stated them and through the course of discovery, we
12 will be able to show that. There was some evidence in prior
13 cases that Mr. Jennings has in fact used corporate assets for
14 his own personal use and has circumvented certain corporate
15 and also procedural norms in order to run the company -- run
16 three companies in his own personal capacity.
17    We have only made these allegations against
18 Mr. Jennings, Mr. Daniels and Ms. Daniels. Those are the only
19 three in this case, and clearly, those are the only ones we
20 had had any kind of evidence about their activities
21 personally.
22    THE COURT:  There's such a strong presumption
23 against piercing corporate veils under New York law. It seems
24 to me you have to come up with something more.
25    MS. BARNES:  Your Honor, we would then respectfully

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

PAGE 7

7

Costa-direct-Barnes

1 request to have a brief period of discovery in which we obtain
2 that information in admissible form. We would just indicate
3 to the court that Mr. Jennings has not submitted an affidavit
4 of any kind in this litigation, nor has he refuted in part by
5 his own personal statements any of the allegations that he has
6 used B.L. Jennings and the corporation Bryco Arms.
7    The other problem, your Honor, that has come up in
8 these cases is that a number of firearms companies have gone
9 out of business and have reemerged after going through
10 bankruptcy proceedings, either Title VII or Title XI and have
11 reemerged with another name at another time. While that
12 doesn't specifically implicate Mr. Jennings, there has been a
13 history we've laid out in our papers of four our five gun
14 companies Mr. Jennings has been involved in that have been
15 dissolved, that have produced guns that have caused mayhem and
16 havoc in disproportionate numbers in this state and other
17 states. Mr. Jennings' activities circumvent all responsible
18 corporate norms and leave us no possibility to obtain the
19 relief we're seeking in this case except by way of dealing
20 with him personally.
21    THE COURT:  I'm going to dismiss as to Jennings
22 personally. You can move to reinstate later if something
23 comes up. There isn't enough here.
24    Bear in mind you're suing, as I understand it, for an
25 injunction. If an injunction is issued, it can be broadened

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

PAGE 8

8

Costa-direct-Barnes

1 to include people who are connected with a defendant that
2 isn't joined.
3    MS. BARNES:  Thank you, your Honor.
4    MR. SCHARF:  Thank you, your Honor.
5    THE COURT:  Next motion?
6    MS. BARNES:  Your Honor, there were three movants.
7 One has been discontinued from the action, that's A.A. Arms.
8 STI withdrew its motion and submitted an answer so they're
9 out. Felk, I believe your Honor indicated by letter to the
10 court, they were not coming and requested your Honor dismiss.
11 Plaintiffs would be happy to submit on their papers. They
12 apparently are not going to orally argue their part of the
13 motion to dismiss.
14    THE COURT:  You're opposing dismissal?
15    MS. BARNES:  I've submitted papers for Felk. They
16 moved to dismiss on, I think, a failure to state a claim cause
17 of action.
18    THE COURT:  Denied. I'm not going to grant
19 independent motions on failure to state a claim on the
20 material before me. There are substantial issues which should
21 be briefed with respect to standing, appropriateness of
22 equitable relief and other matters, but there isn't a basis
23 for this motion on these papers; denied. That's as to
24 defendant Felk.
25    MS. BARNES:  A.A. Arms has been dismissed.

SHELDON SILVERMAN, CSR, CM-CP OFFICIAL COURT REPORTER

# EXHIBIT 4

```
                                                              1

1                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
2
   - - - - - - - - - - - - - - X
3                               :
   N.A.A.C.P.,
4                                      99-CV-3999
                                       99-CV-7037
5      Plaintiff,

6         -against-           :
                                       United States Courthouse
7                                      Brooklyn, New York
   ACCUSPORT CORP., ET AL,
8

9      Defendants.           :
                                       September 5, 2002
10  - - - - - - - - - - - - - X     11:30 a.m.

11                      TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE JACK B. WEINSTEIN
12                  UNITED STATES DISTRICT JUDGE

13  APPEARANCES:

14  For the Plaintiff:     LAW OFFICE OF ELISA BARNES, LLC
                           111 Broadway
15                         New York, New York  10006
                           BY:  ELISA BARNES, ESQ.
16
    For the Defendant
17  Bruce Jennings, et al: SEMMES, BOWEN & SEMMES
                           250 West Pratt Street
18                         Baltimore, Maryland  21201
                           BY:   ROBERT E. SCOTT, JR.
19                               BRITTANY L. ROBERTS, ESQ.
    Liaison counsel for
20  the manufacturers:     RENZULLI, PISCIOTTI, & RENZULLI, LLP
                           300 E. 42nd Street
21                         New York, New York  10017
                           BY:  LEONARD S. ROSENBAUM, ESQ.
22
    Court Reporter:        Holly Driscoll, CSR
23                         225 Cadman Plaza East
                           Brooklyn, New York
24                         (718) 260-2469

25  Proceedings recorded by mechanical stenography, transcript
    produced by computer.
```

16

1  consistently blocked by defense counsel so that to say that

2  the evidence doesn't show it, the evidence very likely does

3  show it but those were the matters specifically not produced

4  pursuant to a direct request by plaintiff's counsel and here

5  defendant has taken advantage of the fact that we're under

6  this enormously difficult trial schedule to use that to not

7  produce, to force the compelling of a motion in this matter.

8  So, for the record, I think that the evidence will show that

9  the funds were commingled, fraud was committed, etc.

10       THE COURT:  The motion is denied.  There's not

11  sufficient evidence of a reason not to treat these

12  corporations as valid.

13       MR. SCOTT:  Thank you, Your Honor.

14       Your Honor, the next motion that you're going to be

15  hearing is in the Smith case and my associate is here to argue

16  those motions.  Unfortunately, I have another hearing and have

17  to leave.  She's admitted to the bar of New York and her

18  application is pending for admission to this court which is I

19  think going to be heard next week and I would like to, as far

20  as formalities and stuff, have her admitted for purposes of

21  arguing the motions in the Smith case.

22       THE COURT:  We'll be very pleased to have her.

23       MR. SCOTT:  Thank you, Your Honor.

24       THE COURT:  Thank you.

25       (End of proceedings.)