FILED
U.S. ... OFFICE ... N.Y.
14 2004
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
JAQUIONE JOHNSON,                 :
                                  :
                Plaintiff,        :     MEMORANDUM
                                  :     AND ORDER
        – against –               :     03 CV 2582 (JBW) (CLP)
                                  :
BRYCO ARMS, et al.,               :
                                  :
                Defendants.       :
                                  :
----------------------------------X
----------------------------------X
                                  :
JOAN TRUMAN SMITH,                :
                                  :
                Plaintiff,        :
                                  :
        – against –               :     02 CV 3029 (JBW) (CLP)
                                  :
BRYCO ARMS, et al.,               :
                                  :
                Defendants.       :
                                  :
----------------------------------X
----------------------------------X
                                  :
CITY OF NEW YORK,                 :
                                  :
                Plaintiff,        :
                                  :
        – against –               :     00 CV 3641 (JBW) (CLP)
                                  :
BERETTA U.S.A.CORP., et al.,      :
                                  :
                Defendants.       :
                                  :
----------------------------------X

1



JACK B. WEINSTEIN, Senior District Judge:

On May 19, 2004 Magistrate Judge Pollak issued an order denying the motion of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") to quash the subpoenas of plaintiffs Johnson, Smith and the City of New York for certain firearms tracing and licensing data that BATF maintains in federal databases. City of New York v.Beretta U.S.A. Corp., No. 00-CV-3641, slip op. at 36 (E.D.N.Y. May 19, 2004) ("May 19, 2004 Order"). BATF had asserted that a provision of the Consolidated Appropriations Act of 2004, Pub. L. No. 108-99, 118 Stat. 3 (2004), codified as amended at 28 U.S.C. § 530C ("2004 Act"), prevented it from disclosing this data.

The Magistrate Judge held that the 2004 Act does not prevent BATF from disclosing firearms data to civil litigants pursuant to subpoena when that data will remain subject to a protective order. May 19, 2004 Order, slip op. at 28. Even if the 2004 Act did apply, the Magistrate Judge found that it would only limit BATF's power to expend appropriated funds to disclose firearms data and thus would not be implicated if the expense of the data production was borne by the parties. Id. at 28 n.19.

BATF appealed. On June 8, 2004, after a hearing, this court issued a brief order affirming the Magistrate Judge's decision and staying the order to enable an appeal to the Court of Appeals for the Second Circuit. This memorandum and order supplements the June 8, 2004 order.

1) The Magistrate Judge's order of May 19, 2004 is affirmed for the reasons stated on the record and below.

2) This court has an obligation, independent of any privilege or statute, to ensure that its discovery and litigation procedures are not abused to the benefit of criminals and to the detriment of law enforcement. There is no evidence that the BATF data released under the terms of the protective order in NAACP v. Acusport Corp., 210 F.R.D. 268 app. B (E.D.N.Y. 2002), had an adverse effect on police investigations or prosecutions. See Transcript of June 8, 2004, at 9, 13. Adequate steps were taken to ensure that sensitive data was kept confidential. The BATF trace and licensing data released in the instant cases would have similar protections.

There is no danger that the investigation into the Wendy's massacre would be compromised. The two gunmen have already been tried and sentenced. See Tr. at 18.

3) There is no indication that any privilege, law enforcement or otherwise, would be affected by the release of the requested data pursuant to the terms of a protective order. The Magistrate Judge and this court will issue orders as needed to protect any privilege.

4) This court will not seal these proceedings without a clear showing that the threat of open court hearings to law enforcement is serious enough to outweigh the public's right of access to the courts. Cf. The Hartford Courant Co. v. Pellegrino, _ F.3d _, 2004 WL 1244075, at *11 (2d Cir. June 8, 2004) (noting that the openness of the courts to the public "greatly enhances the appearance of fairness" in judicial proceedings). No such showing has yet been made.

5) BATF first took the position that it could not disclose any crime-gun trace data in open court. Tr. at 22-23. It subsequently argued that it could release data in a criminal proceeding, but not a civil one. Tr. at 24. To the extent that the 2004 Act could be interpreted to prevent the cooperation of BATF with the courts in amassing evidence in a murder prosecution, it would clearly frustrate the ends of justice – a result inconsistent with congressional design. Similar

3

considerations prevail in the instant cases which, although civil, present substantial law enforcement concerns.

6) Whether or not the 2004 Act directly applies to disclosures pursuant to judicial subpoena and subject to a protective order, it is, by its terms and context, a cost-preserving provision. By preventing the expenditure of "funds appropriated under this or any other Act" to disclose firearms trace and licensing data to the public, it is designed to protect the entire public fisc, not simply the BATF's purse. Pub. L. No. 108-99, 118 Stat. 3 (2004) (emphasis added). This court has the power to require that the parties to a civil action reimburse a third party for its expenses in producing subpoenaed data. See Fed. R. Civ. P. 45(c)(1) (persons subject to subpoena are to be protected from undue burden or expense). In view of the serious economic pressures on the public fisc, this court will provide for reimbursement to the government by the parties using the data for the costs expended by BATF in producing the requested data.

SO ORDERED.

Jack B. Weinstein
Senior District Judge

Dated: June 14, 2004
      Brooklyn, N.Y.

4