UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
JOAN TRUMAN SMITH,

               Plaintiff,                            **ORDER**

     - against -                           02 CV 3029 (JBW) (CLP)

BRYCO ARMS, et al.,

               Defendants.
----------------------------------------------X
JAQUIONE JOHNSON,

               Plaintiff,

     - against -                           03 CV 2582 (JBW) (CLP)

BRYCO ARMS, et al.,

               Defendants.
----------------------------------------------X

On November 22, 2004, a status conference was held before this Court in the above-captioned cases. At the conference, this Court dealt with a variety of discovery disputes and issued the following rulings:

With respect to plaintiffs' request for certain financial documents and information from defendant Atlantic Gun & Tackle, Inc. ("Atlantic"), sought in preparation for the presentation of a claim for punitive damages, the Court directs Atlantic to provide an objective measure of its net worth derived from the sale of firearms, such as audited financial statements or profit and loss statements. If such an objective measure of financial worth is provided, access to Atlantic's corporate tax returns will be unnecessary. If Atlantic fails to provide such a measure, this Court will reconsider its ruling regarding the corporate tax returns. With respect to the personal income

tax returns of Atlantic's officers and directors, plaintiffs have failed to make a sufficient showing that they are entitled to these individual tax returns.

Atlantic's application to file its financial information under seal until such time as a punitive damages award is determined to be necessary is denied. Atlantic shall allow plaintiffs' counsel access to the documents but defendant Atlantic may request that additional restrictions be placed in the protective order to govern access to these sensitive financial documents. Accordingly, Atlantic is to propose a more stringent protective order by December 3, 2004; plaintiffs' counsel is to respond to Atlantic's proposal by December 10, 2004.

Plaintiffs' request for the appointment of a Special Master to review the A&D records of Atlantic for any purchases by Angela Freeman or Bernard Guardier is denied at this time. Defendant Atlantic is currently collaborating with law enforcement in an attempt to identify the serial number of the gun purchased by Angela Freeman prior to the purchase of the gun used in the shooting at issue. If Atlantic is unable to identify the gun and the record of the purchase is not discovered through defendant's own review of the A&D records, plaintiffs are free to renew their request at which time, this Court will again address this issue.

Defendant Atlantic is directed to produce the names of all of the firearms manufacturers from whom it purchased guns between the years of 1997 and 2000. Once plaintiffs receive this information, they may issue subpoenas, which this Court will so order, to those manufacturers regarding the number of guns purchased by Atlantic during that time period, in addition to the make and caliber of those guns purchased by Atlantic.

Plaintiffs and defendants are to indicate by range of Bates numbers which documents are responsive to which interrogatories.

Plaintiffs are to provide the defendants with the Freedom of Information Act ("FOIA") raw data on which plaintiffs' expert is relying in his analysis.

Plaintiffs are to respond in writing to defendant Atlantic's supplemental motion to compel, which was filed on November 1, 2004.

Plaintiff Truman Smith is to provide the Court with an additional copy of the Amended Complaint. This Court will, pursuant to the consent of all parties, subsequently amend the allegation in the Amended Complaint which both sides have stipulated is incorrect; the parties are direct to initial the change.

**SO ORDERED.**

Dated: Brooklyn, New York
November 29, 2004

Cheryl L. Pollak
United States Magistrate Judge

3