UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOAN TRUMAN SMITH, Administratix of the
Estate of ANITA SMITH, deceased,        02 CV 3029 (JBW)

                           Plaintiff,

    -against-

BRYCO ARMS, et al.

                           Defendants.
-----------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE RELATED TO THE "RING OF FIRE" OR OTHER REFERENCES TO PRIOR STATEMENTS OR OTHER CLAIMS INVOLVING BRUCE JENNINGS, JANICE JENNINGS, B.L. JENNINGS AND BRYCO ARMS

Defendants, ATLANTIC GUN & TACKLE DISTRIBUTING CO., INC. ("Atlantic Gun & Tackle") and ACUSPORT CORPORATION ("AcuSport"), by and through their attorneys, RENZULLI, PISCIOTTI & RENZULLI, LLP and LESTER, SCHWAB, KATZ & DWYER, LLP, respectively, submit this Memorandum of Law in support of their Motion in Limine to exclude any evidence at trial with regard to a group of firearms manufacturers that have been termed the "Ring of Fire," or any evidence related to prior statements, claims or lawsuits involving Bruce Jennings, Janice Jennings, B.L. Jennings, Inc., Byrco Arms or any of the other entities listed as defendants in the original Complaint.

Any such references, documents, testimony or other evidence are irrelevant to the issues in this case. Moreover, the probative value of such evidence, even if deemed relevant, is outweighed by its prejudicial effect.

## ARGUMENT

I. **EVIDENCE THAT THIS PISTOL WAS MANUFACTURED BY A "RING OF FIRE" COMPANY OR PRIOR STATEMENTS BY OWNERS OF THESE COMPANIES OR PRIOR CLAIMS AGAINST THESE COMPANIES ARE IRRELEVANT TO THE ISSUES IN THIS LITIGATION**

The germane issue in this case is whether the sale of the subject Bryco .380 pistol by the defendant dealer, Atlantic Gun & Tackle, to Angela Freeman was, in fact, a straw sale as alleged by plaintiff. Any reference to Bryco Arms or B.L. Jennings as being a "Ring of Fire" company has no probative value and would be highly prejudicial to the defendants. Defendants AcuSport and Atlantic Gun & Tackle are not manufacturers and have never been referred to as being in the "Ring of Fire." Plaintiff may attempt to introduce evidence of defendants' sale of firearms manufactured by the "Ring of Fire" companies to paint the defendants in a bad light and to create an unfair and irrelevant inference that defendants are irresponsible and negligent based on the legal products that they sell, as opposed to how and to whom they sell firearms.

Federal Rule of Evidence 401 provides:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Furthermore, pursuant to Federal Rule of Evidence 402, "evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence related to the conduct of upstream entities in the chain of distribution is irrelevant. Furthermore, evidence of prior statements, claims and lawsuits involving any of these "Ring of Fire" manufacturers, including Bruce Jennings, Janice Jennings, B.L. Jennings, Inc. and Bryco Arms is irrelevant as to whether these defendants sold the subject Bryco pistol legally or responsibly. Any alleged duty owed by

defendants to plaintiff, breach of that duty and/or proximate causation of plaintiff's injuries are solely related to the sale of the subject pistol to Angela Freeman. Similarly, any alleged public nuisance created by, contributed to, or maintained by defendants that caused plaintiff's injuries is also limited to the sale of the subject pistol. For the foregoing reasons, evidence regarding "Ring of Fire" manufacturers, including, but not limited to, Bruce Jennings, Janice Jennings, B.L. Jennings, Inc. and Bryco Arms, should be deemed irrelevant and excluded at the time of trial.

**II.     FEDERAL RULE OF EVIDENCE 403 SUPPORTS PRECLUSION OF EVIDENCE THAT THIS PISTOL WAS MANUFACTURED BY A "RING OF FIRE" COMPANY OR PRIOR STATEMENTS BY OWNERS OF THESE COMPANIES OR PRIOR CLAIMS AGAINST THESE COMPANIES BECAUSE SUCH EVIDENCE IS IRRELEVANT TO THE ISSUES IN THIS LITIGATION**

Any documents, references, testimony or other evidence related to the "Ring of Fire" companies, prior statements, prior claims and prior lawsuits by and against Bruce Jennings, Janice Jennings, B.L. Jennings and Bryco Arms, even if found relevant, should be precluded as highly and unfairly prejudicial.

Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence that the subject pistol was produced and initially distributing by "Ring of Fire" companies would create an unfair and prejudicial inference that the sale to Angela Freeman was somehow negligent and/or irresponsible. In addition, evidence that the subject pistol was produced and initially distributed by persons and companies involved in prior litigation would create an unfair and prejudicial inference that the sale of the subject pistol by these defendants to Angela Freeman was somehow negligent and/or irresponsible. This information could mislead

the jury into punishing the defendants for the product it sold, not the manner it which it was sold. It would also mislead the jury into focusing on issues that are not germane to this case. The only germane issue in this case is whether or not Atlantic Gun& Tackle knowingly sold the subject pistol to a straw purchaser. Plaintiff should be required to bring forward evidence related only to the sale of the pistol to Angela Freeman, and make no references or disparaging remarks as to Bryco Arms, B.L. Jennings, Bruce Jennings, Janice Jennings or the other so-called "Ring of Fire" manufacturers in general, which will simply cloud the issues here and create an unfair prejudice against defendant.

Furthermore, Bryco Arms and B.L. Jennings filed for bankruptcy during the pendency of this litigation and plaintiff's claims against them were/should be severed. Thus, any references to such bankruptcy filings, insolvencies, liquidation, tracing history and trace numbers for these former FFLs, and the attributes of their products should be stricken, as they are unable to defend against any such allegations, these issues are irrelevant to this case and their admission would be highly prejudicial to the defendants and confusing to the jury.

## CONCLUSION

For all of the reasons addressed in this memorandum, defendants respectfully request that the Court grant this motion for an Order in Limine precluding evidence referenced above.

Date: June 30, 2005

Respectfully submitted,

*s/ Jeffrey Malsch*
John F. Renzulli (JFR 2917)
Jeffrey M. Malsch (JM 6394)
Scott C. Allan (SA 8791)
Renzulli, Pisciotti & Renzulli, LLP
Attorneys for Defendant
Atlantic Gun & Tackle Distributing Co.

300 East 42nd Street, 17th Floor
New York, NY 10017-5947
Telephone: (212) 599-5533
Facsimile: (212) 599-6385


Paul L. Kassirer (PLK 8293)
Allison A. Snyder (AS 7094)
Lester Schwab Katz & Dwyer, LLP
Attorneys for Defendant
AcuSport Corporation
120 Broadway
New York, NY 10271-0071
Telephone: (212) 964-6611
Facsimile: (212) 267-5916