
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 01 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

JOAN TRUMAN SMITH,

                *Plaintiff*,

– against –                        02 CV 3029 (JBW)

ATLANTIC GUN & TACKLE, INC.,
and ACUSPORT CORPORATION,

                *Defendants*.

------------------------------------X

APPEARANCES:

For the Plaintiff Joan Truman Smith:

    Law Office of Elisa Barnes
    111 Broadway
    4th Floor
    New York, NY 10006
    By: Elisa Barnes, Esq.

For the Defendant Atlantic Gun & Tackle, Inc.:

    Renzulli, Pisciotti & Renzulli, LLP
    300 East 42nd Street
    New York, NY 10017
    By: John F. Renzulli, Esq.

For the Defendant AcuSport Corp.:

    Lester Schwab Katz & Dwyer, LLP
    120 Broadway
    New York, NY 10271
    By: Paul L. Kassirer, Esq.
        Allison A. Snyder, Esq.

    The Chiafullo White Group, LLP

12 New Providence Road
Suite 201
Watchung, NJ 07069
By: David M. White, Esq.

JACK B. WEINSTEIN, Senior District Judge:

## I. Introduction

Plaintiff sues AcuSport Corporation ("AcuSport"), the distributor, and Atlantic Gun & Tackle, Inc. ("Atlantic"), the retailer, of a handgun used to kill an employee in a Wendy's food store. The basic issue is whether careless marketing techniques of defendants led to the killing. The case depends on plaintiff's charge of a "straw sale," *i.e.* the selling of a gun to an apparent purchaser when the real purchaser cannot acquire the gun legally, that led to a diversion of the gun into the criminal underworld of New York where it was repeatedly resold until it was used to murder.

Defendants move for summary judgment. For the reasons stated below the motion is granted in part.

## II. Nuisance Claims

Plaintiff's nuisance claims are dismissed.

Plaintiff cannot establish particular danger to this plaintiff, as distinguished from all other New York City residents, from the alleged nuisance prior to the actual killing. *See NAACP v. Acusport, Inc.*, 271 F. Supp. 2d 435, 497-99 (E.D.N.Y. 2003). *But cf. Johnson v. Bryco Arms*, 304 F. Supp. 2d 383, 392, 399 (E.D.N.Y. 2004).

The negligence component of the nuisance claim is essentially the same as that for pure negligence. *See NAACP*, 271 F. Supp. 2d at 448. Allowing the nuisance claim to be prosecuted

would extend evidentiary inquiries far beyond those needed for what is a relatively simple case of negligence. *See id.* The chance of prejudice and confusion of jurors would be enhanced were the nuisance claim to be tried.

### III. Negligence Claim Against Retailer

Summary judgment is denied as to plaintiff's claim of negligence against Atlantic, the retailer of the gun.

The evidence of a straw sale by the defendant and Atlantic's relatively large number of alleged illegal or careless sales sufficiently supports a possible finding of negligence leading to a foreseeable death by shooting. *See Hamilton v. Beretta U.S.A. Corp.*, 750 N.E.2d 1055 (N.Y. 2001) (holding that handgun *manufacturers* do not owe a duty of reasonable care in the marketing and distribution of their handguns to persons injured or killed through the use of illegally obtained handguns, but leaving open the question of retailers' liability).

The retailer is much closer to the illegal use than the manufacturer, so that the proximate cause issue is not decisive. *Hamilton* does not bar this claim. *Compare id.* at 1062 ("[B]road liability [of manufacturers of guns], potentially encompassing all gunshot crime victims, should not be imposed without a more tangible showing that defendants were a direct link in the causal chain that resulted in plaintiffs' injuries, and that defendants were realistically in a position to prevent the wrongs."). Evidence of a knowing straw sale by the retailer supports a finding of its liability for a killing using a gun it sold wielded by the purchaser or another. *See Johnson v. Bryco Arms*, 304 F. Supp. 2d 383, 399 (E.D.N.Y. 2004) ("[Plaintiff alleges that] Atlantic Gun & Tackle sold the gun in question to Angela Freeman although it knew or should have known that she was a straw purchaser who was buying the gun on behalf of Bernard Gardier who could not

3

legally purchase it himself. Although the firearm subsequently changed hands illegally a number of times before ultimately coming into the possession of plaintiff's attackers, it is alleged that defendants were put on notice that this kind of transfer would foreseeably occur.").

IV. Negligence Claim Against Distributor

Summary judgment is granted as to plaintiff's claim of negligence against defendant AcuSport.

The distributor is closer to the illegal use than the manufacturer so that *Hamilton* does not necessarily control on proximate cause. *See Hamilton*, 750 N.E.2d at 1062. In the instant case, however, the evidence of knowledge attributed to the distributor came after the killing. AcuSport's negligence cannot be established on the present record.

V. Conclusion

The motion for summary judgment by the distributor, AcuSport, is granted as to both nuisance and negligence. The motion for summary judgment on the nuisance claim against Atlantic is granted. Atlantic's motion for summary judgment on plaintiff's negligence claim is denied. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior District Judge

Dated: July 1, 2005
Brooklyn, N.Y.