**L E S T E R   S C H W A B   K A T Z   &   D W Y E R , L L P**

120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

ALLISON A. SNYDER
Writer's Direct Dial: (212) 341-4284
E-Mail: asnyder@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

February 24, 2006

*Via Hand Delivery and ECF*

Judge Jack B. Weinstein
Senior United States District Judge
United States District Court
Eastern District of New York
US Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

> Defendant AcuSport
> Corporation's Motion
> for a Supplemental
> Order of Certification
> under Rule 54(b)

>           **Re:**     **Joan Truman Smith, As Administratrix of the Estate of Anita Smith,**
>                      **Deceased v. Bryco Arms, et al.**
>                      **Civil No.                 : CV-02-3029**

Honorable Judge Weinstein:

In July 2005, defendant AcuSport Corporation's motion for summary judgment was granted in its entirety, dismissing all claims as against it, and AcuSport then brought a motion for a supplemental order of certification under Rule 54(b).  By Order, dated August 2, 2005, this Court indicated that it was under the impression that the entire case was closed and, in that circumstance, a *"judgment closing the entire case rather than a 54(b) motion would seem to be more fitting."*  Accordingly, the Court directed that a hearing be held on August 2, 2005.  At that time, plaintiff and co-defendant Atlantic Gun & Tackle were taking steps to finalize the dismissal of the action so we voluntarily withdrew our motion for a supplemental order of certification.  More than six months later, there has been no resolution of the claims by plaintiff Joan Truman Smith against Atlantic Gun & Tackle.

We were recently informed that Mrs. Smith no longer desires resolution of her claims against Atlantic Gun & Tackle.  Indeed, we have also learned that plaintiff's counsel, Elisa Barnes, will take steps to withdraw her representation of Mrs. Smith in light of this decision.

AcuSport Corporation was dismissed from this action in July 2005, yet it cannot have final closure until judgment is entered.  Since this case does not appear likely to be resolved now through one judgment, we are constrained to request Court intervention to resolve the matter solely as against AcuSport Corporation.  Accordingly, we are enclosing a courtesy copy of our renewed motion for a supplemental order of certification under Rule 54(b).

Respectfully yours,


Allison A. Snyder

Cc:

Elisa Barnes, Esq.
111 Broadway, 4th Floor
New York, New York  10006

Renzulli, Pisciotti & Renzulli, LLP
300 East 42nd Street
New York, New York  10017-5947
Attn:    Christopher Sovak, Esq.
750067

LSK&D #: 294-2100 / 750061
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOAN TRUMAN SMITH, As Administratrix of          **Action No. 2**
the Estate of Anita Smith, Deceased,             **Index No.  CV-02-3029**

                                    Plaintiff,   **NOTICE OF DEFENDANT
                                                 ACUSPORT
             -against-                           CORPORATION'S MOTION
                                                 FOR A SUPPLEMENTAL
BRYCO ARMS, et al.,                              ORDER OF CERTIFICATION
                                                 UNDER RULE 54(b)**

                                    Defendants.

-----------------------------------------------------------------x


**PLEASE TAKE NOTICE,** that upon the declaration of Paul Kassirer, dated

February 24, 2006, and the exhibit annexed hereto, and all prior pleadings and

proceedings, defendant AcuSport Corporation will move this Court before the Honorable

Jack B. Weinstein, at the Courthouse, located at 225 Cadman Plaza East, Brooklyn,

New York, on the 20$^h$ day of March, 2006, at 10:00 a.m. for supplemental Order,

pursuant to Fed.R.Civ.Proc. 54(b), for an express determination by this Court that there

is no just reason for delay in the entry of final judgment, and an express direction for the

entry of judgment, dismissing the plaintiff's Complaint in its entirety as against AcuSport

Corporation only.

Dated:      New York, New York
           February 24, 2006

Respectfully Submitted,

LESTER SCHWAB KATZ & DWYER, LLP


_____/s/_____
Paul L. Kassirer (PLK-8293)
Attorneys for Defendant
AcuSport Corporation
120 Broadway
New York, New York  10271
(212)  964-6611

TO:

Elisa Barnes, Esq.
111 Broadway, 4th Floor
New York, New York  10006
Attorney for Plaintiff JOAN TRUMAN SMITH

Renzulli, Pisciotti & Renzulli, LLP
300 East 42nd Street
New York, New York  10017-5947
Attn:  Christopher Sovak, Esq.
Attorneys for Defendant ATLANTIC GUN AND
TACKLE, INC.

LSK&D #: 294-2100 / 750061
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JOAN TRUMAN SMITH, As Administratrix of
the Estate of Anita Smith, Deceased,

                                Plaintiff,

               -against-

BRYCO ARMS,

                         Defendants.

**Action No. 2**
**Index No.  CV-02-3029**

**DECLARATION IN
SUPPORT OF DEFENDANT
ACUSPORT
CORPORATION'S MOTION
FOR A SUPPLEMENTAL
ORDER OF CERTIFICATION
UNDER RULE 54(b)**

-----------------------------------------------------------------x

Paul L. Kassirer declares:

1.     I am a member of Lester Schwab Katz & Dwyer, LLP, attorneys for defendant AcuSport Corporation ("AcuSport").  I am personally familiar with the matters set forth herein.

2.     I submit this Declaration in support of AcuSport's motion for a supplemental Order, pursuant to Fed.R.Civ.Proc. 54(b), for an express determination by this Court that there is no just reason for delay in the entry of final judgment, and an express direction for the entry of judgment, dismissing the plaintiff's Complaint in its entirety as against AcuSport only.  A proposed supplemental Order is annexed hereto as **Exhibit "A."**

3.     On July 1, 2005, an Order was entered by this Court, granting AcuSport's motion for summary judgment, dismissing the plaintiff's causes of action for negligence and public nuisance.  Since these were the sole remaining causes of action, the plaintiff's Complaint was dismissed in its entirety as against AcuSport.  This Court also

granted co-defendant Atlantic Gun & Tackle's motion for summary judgment in part, dismissing the plaintiff's cause of action for public nuisance, yet denying summary judgment as to dismissal of the plaintiff's cause of action for negligence.  Therefore, Atlantic Gun & Tackle remains as a defendant in this action.

4.      Since this is a multiple claims action, in order to enter judgment dismissing the plaintiff's claim against AcuSport in its entirety, there must be an express determination by the Court that there is no just reason for delay, and an express direction for the entry of judgment.  Fed.R.Civ.Proc. 54(b); see also, Ryan v. Dow Chemical Co., 618 F.Supp. 623 (E.D.N.Y. 1985).

5.      There is no just reason for delay with respect to the entry of judgment dismissing the plaintiff's Complaint against AcuSport.  See, e.g., P. v. Delta Air Lines, Inc., 102 F.Supp.2d 132 (E.D.N.Y. 2000); Geressy v. Digital Equipment Corp., 980 F.Supp. 640, 663 (E.D.N.Y. 1997).


**WHEREFORE**, defendant AcuSport Corporation respectfully requests that this Court issue a supplemental Order, pursuant to Fed.R.Civ.Proc. 54(b), making an express determination that there is no just reason for delay in the entry of final judgment, and an express direction for the entry of judgment, dismissing the plaintiff's Complaint in its entirety as against AcuSport Corporation only.


Dated:  New York, New York
        February 24, 2006

                                        _____/s/_____
                                          Paul L. Kassirer (PLK-8293)